IN THE CASE OF


UNITED STATES, Appellee

v.

Kevin E. BROWN, Private E2
U.S. Army, Appellant

No. 99-0983

Crim. App. No. 9701539

United States Court of Appeals for the Armed Forces

Argued October 4, 2000

Decided December 19, 2000

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN, GIERKE, and BAKER, JJ., joined.


Counsel


For Appellant:  Captain Steven P. Haight (argued); Colonel Adele H. Odegard,
    Major Jonathon F. Potter, and Captain David S. Hurt (on brief);
    Lieutenant Colonel David A. Mayfield and Major Scott R. Morris.


For Appellee:  Captain William J. Nelson (argued); Colonel Russell S. Estey,
    Major Patricia A. Ham, and Captain Kelly D. Haywood (on brief);
    Lieutenant Colonel Edith M. Rob.



Military Judge:  Robert F. Holland



THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of assault consummated by a battery (3 specifications) and aggravated assault (5 specifications) on a child under the age of 16 years, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He was sentenced to a dishonorable discharge, confinement for 8 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished, memorandum opinion.

On appellant's petition, we granted review of the following issue:

> WHETHER THE STAFF JUDGE ADVOCATE ERRED TO
> THE SUBSTANTIAL PREJUDICE OF APPELLANT BY
> SUBMITTING A RECOMMENDATION TO THE CONVENING
> AUTHORITY REGARDING APPELLANT'S REQUEST THAT
> FORFEITURES BE DEFERRED WHICH CONTAINED
> MATTERS NOT MENTIONED IN THE RECORD OF
> TRIAL, SPECIFICALLY MENTIONING THAT
> APPELLANT'S WIFE WAS UNDER INVESTIGATION FOR
> THE SAME FACTS THAT GAVE RISE TO APPELLANT'S
> COURT-MARTIAL, AND NOT ALLOWING APPELLANT
> THE OPPORTUNITY TO REBUT THIS NEW MATTER BY
> NEVER SERVING APPELLANT WITH THE
> RECOMMENDATION TO THE CONVENING AUTHORITY
> RELATING TO THE REQUEST FOR DEFERMENT OF
> FORFEITURES.

2

For the reasons set forth below, we affirm. Appellant has not made a colorable showing of possible prejudice flowing from the alleged error. See Art. 59(a), UCMJ, 10 USC § 859(a).

## I. BACKGROUND: FACTUAL SETTING

Twelve days after appellant's trial ended, he asked the convening authority to defer the adjudged forfeitures pending the convening authority's final action in the case. See Art. 57(a)(1)(A) and (a)(2), UCMJ, 10 USC § 857(a)(1)(A) and (a)(2). The written submission by defense counsel noted: (1) appellant had a moral and financial obligation to his two children, both of whom were in foster care; (2) appellant's wife, who was expecting their third child, was unemployed and planned to relocate to her home in Maryland; and (3) deferment of the forfeitures was necessary to provide Mrs. Brown with "some financial security while she seeks secure employment," and without the deferment, "the family will have no means of support."

On the following day, the Staff Judge Advocate (SJA) provided the convening authority with a written recommendation on the request, which noted in part that

> PV2 Brown's two children are presently in foster care and are unlikely ever to be returned to him. He is not under any court ordered obligation to provide them financial support. In addition, his wife is expecting

3

> their third child, however, this child is due after the six month waiver period will expire.[1]  Thus, his wife is the only dependent who will directly benefit during the period of the waiver/deferral, and she is currently under investigation for criminal abuse regarding the same facts and circumstances as in the present case.

On the following day, the convening authority disapproved the request.  The defense was not served with the SJA's written recommendation.

Approximately 6 months after denial of the deferment request, the SJA provided the convening authority with a recommendation to approve the findings and sentence under Article 60(d), UCMJ, 10 USC § 860(d).  The SJA included a reference to appellant's deferment request, reminding the convening authority that he had denied the request.  The SJA's recommendation was served on appellant's newly assigned substitute defense counsel.

After receiving a copy of the SJA's recommendation, defense counsel submitted matters for consideration by the convening authority under RCM 1105 and 1006, Manual for Courts-Martial, United States (2000 ed.).  These submissions challenged the

---

[1] The SJA misspoke.  There is no 6-month waiver period with respect to deferment of adjudged forfeitures.  Adjudged forfeitures may be deferred until the convening authority takes formal action on the sentence.  See Art. 57(a)(2), UCMJ, 10 USC § 857(a)(2).  The SJA apparently was referring to a statutory provision not at issue in this case, the authority under Article 58b(b), UCMJ, 10 USC § 858b(b), to waive automatic forfeitures for certain persons in confinement for a period of up to 6 months. Compare Art. 57(a)(2) (deferment of adjudged forfeitures) with Art. 58b(b)(waiver of automatic forfeitures).

legal sufficiency of the pleas and effectiveness of trial
defense counsel, but they did not address the decision to deny
deferment of forfeitures or otherwise specifically request that
the convening authority mitigate the forfeitures when taking
action on the sentence.  The defense submission included a
letter from appellant's wife in which she wrote that she, not
appellant, had hurt the children, describing what she had done
and how she had done it.  Approximately 3 weeks later, the
convening authority approved the adjudged sentence.


## II. BACKGROUND: LEGAL CONTEXT

### A. Recommendations to the Convening Authority:<br>Notice and Comment

The requirement for a written submission to the convening
authority from the SJA under Article 60(d) is a longstanding
feature of military law.  See Act of June 4, 1920, ch. 227, 41
Stat. 796 (Article of War 46); Manual for Courts-Martial, U.S.
Army, 1921, para. 370.  In United States v. Goode, 1 MJ 3, 6
(CMA 1975), we held that the written recommendation must be
served on counsel for the accused in order to provide the
accused "with an opportunity to correct or challenge any matter
he deems erroneous, inadequate or misleading, or on which he
otherwise wishes to comment."  Goode drew upon earlier cases
that required notice and an opportunity to comment on adverse

matter in a post-trial review.  See, e.g., United States v. Vara, 8 USCMA 651, 25 CMR 155 (1958); United States v. Griffin, 8 USCMA 206, 24 CMR 16 (1957).  Subsequent to Goode, we held in United States v. Narine, 14 MJ 55 (CMA 1982), that if the SJA supplements the original recommendation by providing the convening authority with new matter, the new matter must be served on counsel in order to ensure compliance with the opportunity for comment required by our precedents.

Congress incorporated the notice and response requirements of Goode into Article 60(d) as part of the Military Justice Act of 1983, Pub. L. No. 98-209, §5(a)(1), 97 Stat. 1395-97.  See S. Rep. No. 98-53 at 21 (1982).  The President has incorporated this requirement and treatment of new matters under Narine into the Manual for Courts-Martial through RCM 1106(f)(7).

At the time the Military Justice Act of 1983 was debated, and for many years thereafter, forfeitures adjudged by a court-martial did not take effect until the convening authority acted on the findings and sentence.  In the National Defense Authorization Act for Fiscal Year 1996, Pub. L. No. 104-106, 110 Stat. 462-63, Congress amended the Code to provide that: (1) forfeitures adjudged by a court-martial would become effective in most cases prior to the convening authority's action, and (2) the convening authority could defer such forfeitures.  Art. 57(a), supra.  The 1996 legislation also amended the Code to

require automatic forfeiture of pay in certain cases involving confinement, regardless of whether forfeitures were adjudged at trial, and to permit the convening authority to waive such forfeitures for a limited period of time, not to exceed 6 months.  Art. 58b, UCMJ, 10 USC § 858b.  Neither the statute nor the subsequent amendments to the Manual addressed the issue of whether the convening authority was required to receive an SJA's recommendation before acting on a deferment or waiver request. Likewise, neither addressed the issue of whether the accused should be provided with notice of and an opportunity to respond to any written submission from the SJA to the convening authority with respect to deferment or waiver.

B.  Post-Trial Processing: Prejudicial Error

In United States v. Chatman, 46 MJ 321 (1997), we set forth the following guidance to determine whether an erroneous failure to serve new matter on the defense constitutes prejudicial error:

> [W]e will require appellant to demonstrate prejudice by stating what, if anything, would have been submitted to "deny, counter, or explain" the new matter. . . . We believe that the threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and "we will not speculate on what the convening authority might have done" if defense counsel had been given an opportunity to comment.

Id. 323-24 (citations omitted); see Art. 59(a), supra;  see also

United States v. Wheelus, 49 MJ 283 (1998); United States v.

Catalani, 46 MJ 325 (1997).


III.  DISCUSSION

A. Post-Trial Action on Forfeitures

Appellant relies on the views of the Air Force Court of

Criminal Appeals in United States v. Spears, 48 MJ 768

(A.F.Ct.Crim.App. 1998), overruled in part on other grounds,

United States v. Owens, 50 MJ 629 (A.F.Ct.Crim.App. 1998). In

Spears, the court noted that although the literal requirements

for the SJA's post-trial recommendation under RCM 1106 did not

extend to waiver of automatic forfeitures under Article 58b(b),

"concepts of basic fairness and procedural due process" were

violated by not providing the servicemember with a copy of the

recommendation and an opportunity to "comment before sending it

to the convening authority for his action on the waiver

request."  Id. at 775-76.  Drawing an analogy to the notice and

comment provisions of RCM 1106, the court stated:

> The clear purpose behind the rule was to
> give the defense an opportunity to respond
> to the SJA's position in post-trial legal
> advice provided to the convening authority.
> The rule on new matter obviously prevents
> the SJA from bringing up new issues from
> outside the record to the convening
> authority and getting the last say without
> the defense even knowing about it.  When the

> rule was written, Articles 57(a) and 58b,
> UCMJ, did not exist and the issue presently
> before us could not be foreseen.

Id. at 775.

We note that Congress has recognized the serious impact that such forfeitures would have on the family of the accused by providing the authority for deferment and waiver. The issue before us raises questions involving constitutional due process and statutory interpretation. Because appellant has not met the applicable standards for finding prejudicial error, as discussed in Part III.B., infra, we need not decide at this time whether the requirements of notice and an opportunity to comment apply to requests for deferment of adjudged forfeitures or waiver of automatic forfeitures.

It is likely, however, that these questions will recur in the near future. Rather than attempt to resolve them in the present case, we believe the most prudent course of action is for the Executive Branch to consider whether, as a matter of law or policy, and consistent with due process considerations, such requests to the convening authority should be followed by a recommendation from the SJA and service on the accused with an opportunity to respond. In addition, given congressional focus on the interests of the family, consideration should be given as to whether there might be circumstances in which the family could have interests separate from the accused which might be

brought to the attention of the convening authority directly by the family rather than through the accused.

## B.  Evaluation of Prejudice

Even if we were to hold that notice and an opportunity to comment were required in the present case, appellant would not be entitled to relief.  Under Chatman, supra, an accused who seeks appellate relief from such a post-trial processing error has the burden of making a colorable showing of possible prejudice.  Appellant has not met this burden because he has not demonstrated what he would have said in response to the SJA's recommendation regarding deferment of forfeitures.

The SJA, for example, stated that appellant was not under any court-ordered obligation to provide financial support for his children in foster care.  This is the type of assertion which, if incorrect or misleading, can readily be corrected.  In order to make the requisite showing of prejudice, appellant would have to demonstrate on appeal how he would have challenged the SJA's assertion, and he has not done so.

Likewise, appellant has not demonstrated prejudice with respect to the SJA's statements that the deferment would not benefit the third, as yet unborn child, who was not due until more than 6 months after the request.  Although the SJA erred in suggesting that there was a 6-month maximum period for

deferment, appellant has failed to address the fact that any deferment would have ended as a matter of law well within the 6 month period when the convening authority acted on appellant's case. Appellant has not indicated what he might have said about the SJA's error that could have produced a different result.

Appellant also has not demonstrated prejudice with respect to the SJA's assertion that appellant's wife was unworthy of favorable consideration because she then was "under investigation for criminal abuse regarding the same facts and circumstances as in the present case." Appellant has argued that he could have investigated that assertion and responded to it if inaccurate. He has had ample time to do so and has not demonstrated either that the statement was inaccurate or that there were circumstances that precluded him from obtaining the requisite information. Although the standard for prejudicial error under Chatman is low -- a "colorable showing of possible prejudice" -- it does not include sheer speculation about factual matters that are within the normal investigative capabilities of counsel.


IV. DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

11