**UNITED STATES**

v.

**Staff Sergeant Shawn T. O'SHIELDS, United States Air Force.**

**ACM 34568.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 3 May 2001.

Decided 20 June 2002.

Appellate Counsel for Appellant: Major Jefferson B. Brown (argued), Colonel Beverly B. Knott, and Major Jeffrey A. Vires.

Appellate Counsel for the United States: Captain Lane A. Thurgood (argued), Colonel Anthony P. Dattilo, and Lieutenant Colonel Lance B. Sigmon.

Before YOUNG, SCHLEGEL, and PECINOVSKY, Appellate Military Judges.

## OPINION OF THE COURT

SCHLEGEL, Senior Judge:

The appellant pled guilty to wrongfully using and distributing both marijuana and methylenedioxymethamphetamine (ecstasy), on divers occasions, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. His approved sentence consisted of a bad-conduct discharge, confinement for 10 months, and reduction to E–1. On appeal, he alleges the convening authority was neither informed about the judge's clemency recommendation, which is required by Rule for Courts–Martial (R.C.M.) 1106(d)(3)(B), nor fully advised about his request for deferral of automatic forfeitures under Article 58b(a)(1), UCMJ, 10 U.S.C. § 858b(a)(1). The appellant also asks us to find that the staff judge advocate erred by failing to serve him with a copy of the recommendation made to the convening authority concerning his request for deferral and waiver of forfeitures. He requests new post-trial processing pursuant to R.C.M. 1106, or reassessment of his sentence. We affirm.[1]

## I. Background

The appellant's illegal drug use and distribution occurred over a 10–month period while he was stationed at Royal Air Force (RAF) Lakenheath, United Kingdom. In his unsworn sentencing statement on 3 May 2001, the appellant said he was determined to re-establish his relationship with his young son and asked the judge to allow him to be home for the child's birthday on 6 December. After announcing the sentence, the judge, knowing the appellant would be subjected to automatic forfeitures of all pay and allowances by operation of Article 58b, UCMJ, 10 U.S.C. § 858b, said, "I urge the convening authority to favorably consider any request by the accused to defer or waive the automatic forfeitures for the benefit of the accused's dependent son for the maximum period authorized."[2]

After trial, in an undated letter entitled "Waiver of Forfeitures," the appellant's defense counsel asked the convening authority to defer and waive the automatic forfeitures for the "duration of his confinement."[3] The rationale for the request was to allow the appellant to provide monetary support for his son. A Maryland court order required the appellant to pay $500.00 a month for child support. However, the defense counsel specifically stated the money from the deferral would be used for the benefit of the appellant's family until he could find other employment. In the final paragraph, the defense counsel told the convening authority that, if he elected to defer the automatic forfeitures for a shorter period, a waiver should be granted in the amount of $500.00 for the remainder of his confinement or a period of 6 months.

On 17 May, the staff judge advocate, using a staff summary sheet, provided the convening authority with the defense counsel's request, the trial results, and an e-mail concerning the appellant's pay and allowances.

1. This case was argued at Southwestern Illinois College on 22 May 2002 at the 7th Annual Brigadier General Tom Hemingway Paralegal Symposium.

2. The sentenced pronounced by the judge included a bad-conduct discharge, confinement for 12 months, and reduction to E–1.

3. Although automatic forfeitures may be deferred until the convening takes action in the case (Article 58b(a)(1), UCMJ), they may only be waived for a period of 6 months. Article 58b(b), UCMJ.

The e-mail contained a projection that the appellant would only serve about 8½ months of confinement when good time was factored into the sentence to confinement. It also recognized that a waiver could only be granted for a 6–month period. In order to insure the appellant received enough money to comply with the court ordered child support during the entire time he was confined, the e-mail suggested the waiver be approved in the amount of $875.12 per month. The staff judge advocate endorsed the request for waiver of automatic forfeitures, but did not address deferral other than referring to it as part of the request. The judge's clemency recommendation was not mentioned. The appellant was never served with a copy of this recommendation. On 22 May, the convening authority approved a waiver of automatic forfeitures in the amount of $875.00 per month for 6 months.

On 29 May, the staff judge advocate's recommendation (SJAR) to the convening authority, pursuant to R.C.M. 1106, was served on the appellant and his counsel. The recommendation recounted the history of the case and included a characterization of the appellant's prior service. It also reminded the convening authority that he had approved a waiver of automatic forfeitures. The staff judge advocate recommended approval of the sentence announced by the judge except for the period of confinement. In accordance with the pretrial agreement, the convening authority was required to reduce the adjudged confinement by 2 months. The judge's clemency recommendation was not mentioned.

In an undated response to the SJAR, the appellant's trial defense counsel requested that his client's confinement be reduced by two additional months so he could be home for his son's birthday. Defense counsel did not identify any errors in the SJAR. Not surprisingly, the appellant also requested that his confinement be reduced by two months. Neither counsel nor the appellant complained that the judge's recommendation was omitted from the SJAR.

The addendum to the SJAR is dated 11 June. It informed the convening authority of the appellant's request for a reduction in the period of confinement and that he must consider the appellant's clemency matters before taking final action on the court-martial. The convening authority took action that same day.

II. Was the Convening Authority Properly Advised of the Judge's Clemency Recommendation and the Consequences of the Appellant's Request for Deferment of Automatic Forfeitures?

■ Before taking action on a general court-martial, the convening authority

shall obtain and consider the written recommendation of his staff judge advocate.... The recommendation of the staff judge advocate ... shall include such matters as the President may prescribe by regulation.... Failure to object·in the response to the recommendation or to any matter attached to the recommendation waives the right to object thereto.

Article 60(d), UCMJ, 10 U.S.C. § 860(d). The President's regulation, R.C.M. 1106(d)(3)(B), enumerates six areas that have to be addressed in the recommendation, including "[a] recommendation for clemency by the sentencing authority, made in conjunction with the announced sentence." *See also United States v. Lee,* 50 M.J. 296, 297–98 (1999). R.C.M. 1106(f)(6) also provides that defense counsel's failure to comment on any matter in the post-trial recommendation in a timely manner waives any later claim of error, unless it rises to the level of plain error. The Rule does not require the staff judge advocate's recommendation to inform the convening authority about an accused's request for deferral or waiver of automatic forfeitures submitted separately from the clemency matters.

The appellant did not object to the content of the SJAR, therefore we review for plain error. "To prevail under a plain-error analysis, appellant had the burden of persuading this Court that: (1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Kho,* 54 M.J. 63, 65 (2000) (citing *United States v. Finster,* 51 M.J. 185, 187 (1999); *United States v. Powell,* 49 M.J. 460, 463, 465 (1998)). "We review application of the plain error doctrine de novo, as a ques-

tion of law." *Kho*, 54 M.J. at 65. (citing *Powell* 49 M.J. at 462; 1 S. Childress & M. Davis, *Federal Standards of Review* § 2.14 (2d ed.1992)). "[I]n most instances, failure of the staff judge advocate or legal officer to prepare a recommendation with the contents required by R.C.M. 1106(d) will be prejudicial...." *United States v. Hill*, 27 M.J. 293, 296 (C.M.A.1988). We grant relief if an appellant presents "some colorable showing of possible prejudice." *United States v. Wheelus*, 49 M.J. 283, 289 (1998).

■ The staff judge advocate erred by failing to inform the convening authority about the judge's clemency recommendation. The error was "plain" or "obvious," because the clemency recommendation of the sentencing authority is required to be in the SJAR under R.C.M. 1106(d)(3)(B). However, we find that this error did not result in any prejudice to the appellant. First, and foremost, the convening authority had already waived the automatic forfeitures. Although the statute only allows a waiver of automatic forfeitures for 6 months, the convening authority mitigated the harsh effects of this limitation by waiving $875.00 per month to insure that the appellant's son would receive a sum equal to the full amount ordered by the Maryland court ($500.00 per month) for the entire term of the appellant's confinement. This is in essence what the appellant asked for in his request for waiver and deferment. Second, although during oral argument the appellant contended that a deferral of forfeitures would have resulted in his son receiving more money, he never presented any evidence at trial, or to the convening authority, or to this Court that he ever provided more money for the child than was required under the court order. Unlike the provisions for waiver, the convening authority has no mechanism to direct that deferred forfeitures be paid to anyone other than the accused. Consequently, there is no guarantee the appellant would have used all or any of that money for child support. Third, we know from the chronology that the convening authority waived automatic forfeitures on 22 May, before taking formal action, without knowing about the judge's clemency recommendation. Therefore, we fail to see how the omission of this information in the

SJAR prejudiced the appellant. Unlike *Lee*, there were no adjudged forfeitures for the convening authority to suspend or remit pursuant to Article 60, UCMJ, 10 U.S.C. § 860. Finally, in his submission of clemency matters to the convening authority, the appellant did not object that the judge's clemency recommendation was omitted from the SJAR. Therefore, we are left to conclude the appellant knowingly declined to object because he had already received the relief he sought.

III. Did the Staff Judge Advocate Err by Failing to Serve the Staff Summary Sheet and Attachments given to the Convening Authority Concerning the Appellant's Request for Deferral and Waiver of Automatic Forfeitures?

■ In *United States v. Brown*, 54 M.J. 289, 292 (2000), our superior court declined to extend the requirements of notice and opportunity to respond to requests for deferment of adjudged forfeitures or waiver of automatic forfeitures because they believed the issue was best resolved by the Executive Branch rather than on an ad hoc basis.

In addition, the appellant in the case sub judice suffered no prejudice because the attachments to the staff summary sheet informed the convening authority about deferral and how it could be combined with waiver. Receiving these materials would not have been of any particular advantage to the appellant since he submitted them.

Article 60, UCMJ, establishes a forum for a formal clemency review by the convening authority prior to taking action. The process begins with the preparation of the SJAR, which must be served on the accused for comment. If an accused elects to submit matters to the convening authority in response to the SJAR and the staff judge advocate to the convening authority elects to comment on the matters with new information in an addendum to the SJAR, the accused must be served with the addendum because this is part of the formal process of post-trial review. R.C.M. 1106(f)(7). However, we suggest that when matters are submitted to the convening authority outside of this formal process the government is not

required to serve the accused with a copy of its advice to the convening authority.

The staff judge advocate supported the appellant's request for waiver and advised the convening authority to grant it for the maximum period allowed and in an amount per month greater than his child support obligation to cover the entire period of time the appellant was in confinement. Therefore, the materials in question were not detrimental to the appellant, but beneficial. For these reasons, we adhere to our superior court's holding in *Brown*, and decline to order new post-trial processing.

IV. Conclusion

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987). Accordingly, the approved findings and sentence are

AFFIRMED.