EFFRON, Judge
(concurring in part and in the result):
I concur on Issue I. I concur in the result on Issue II. With respect to Issue II, I would rely solely on the second prong of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (absence of prejudicial error).
As noted in Judge Baker’s separate opinion, 57 MJ at 252, the full context of appellant’s affidavit suggests at least one plausible interpretation that would justify further inquiry as to whether counsel was ineffective. Under these circumstances—particularly where it is unnecessary to the decision— there is no reason to conclude that appellant’s affidavit provides an inadequate basis to raise a claim of ineffective assistance of counsel.
The majority opinion refers to that portion of appellant’s affidavit in which he stated:
I do not recall that [my trial defense counsel] ever advised me that I could request waiver of automatic forfeitures for my daughter.
The affidavit, however, contained more than a simple “I do not recall.” Appellant added:
Had I known that I could have requested a waiver of automatic forfeitures to be paid to [the mother of my child] for the benefit of [my child], I would have requested a waiver, especially after the deferment request was denied. I also would not have waived my right to submit additional matters in clemency had I known that I could have submitted a waiver request after my deferment request had been denied.
Viewed in context, appellant’s affidavit constituted more than a mere absence of memory. Appellant emphasized that he would not have waived his right to submit clemency matters, and would have requested a waiver had he been advised of his right to do so. This assertion, if unrebutted, would overcome the presumption of competent counsel. See United States v. Lewis, 42 MJ 1, 6 (1995).
The majority opinion also concludes that because the convening authority denied appellant’s deferment request, there is no “reasonable likelihood” that he would have granted a request to waive the automatic forfeitures assessed appellant by operation of statute. 57 MJ at 249. Although the basis for appellant’s prejudice argument— the need for funds to pay his daughter’s child support—is the same with respect to both deferment and waiver, there are significant differences between a deferment and a waiver. They involve separate procedures, subject to different requirements. Each is authorized by separate statutory provisions, and serve distinct, albeit related, purposes. See Art. 57(a), Uniform Code of Military Justice (UCMJ), 10 USC § 857(a) (provision governing deferments); Art. 58b, UCMJ, 10 USC § 858b (provision governing waivers).
A critical difference is the fact that an accused is the beneficiary of a deferment, whereas his or her dependents are the sole beneficiaries of a waiver. Compare Art. 57(a)(2) mth Art. 58b(b). This reflects a deliberate legislative choice. Convening authorities were empowered by Congress with the authority to grant waivers specifically to minimize the adverse effects of automatic forfeitures on dependents. United States v. Brown, 54 MJ 289, 292 (2000). Consequently, it is neither inconsistent nor improbable for a convening authority to approve a waiver of automatic forfeitures after denying a deferment request. The terms “deferment” and “waiver” are not synonymous, and we should not treat them as such for purposes of a prejudice analysis.
In the present ease, the staff judge advocate recommended denying appellant’s deferment request in part because appellant failed to submit supporting documentation. Appel *252 lant could have remedied this deficiency in his waiver request and provided the convening authority with the necessary financial documents. Our Court has emphasized that “we will not speculate on what the convening authority might have done” in acting on an accused’s clemency submission. Id. (quoting United States v. Chatman, 46 MJ 321, 324 (1997)). Because we do not know the basis for the convening authority’s denial of appellant’s deferment request,* we should not speculate on what the convening authority might have done had the requisite documentation been before him.
In the present case, the deficiency of appellant’s position is his failure to establish “some colorable showing of possible prejudice,” the low threshold we have established for post-trial, clemency-related errors. See Chatman, supra at 324; see also United States v. Wheelus, 49 MJ 283, 288-89 (1998). As noted in the majority opinion, “[vjague or general intimations” as to the “particular nature of the materials that appellant or counsel would or could have submitted to the convening authority ... will not suffice” to sustain a claim of ineffective post-trial assistance. United States v. Pierce, 40 MJ 149, 151 (CMA 1994). Appellant has had two opportunities—before this Court and the Court of Criminal Appeals—to produce the financial records that he claims would sway the opinion of the convening authority, and has presented nothing. See Brown, supra at 292-93; see also United States v. Moulton, 47 MJ 227, 230 (1997).

 The staff judge advocate cited two reasons in his recommendation to deny appellant’s deferment request: (1) appellant’s financial status, though “uncomfortable,” was “self-inflict[ed],” and (2) appellant's failure to provide financial documentation demonstrating his inability to support his dependents.