BAKER, Judge
(concurring in part and in the result):
I concur on Issue I. I concur in the result on Issue II.
In his affidavit, appellant states: “I do not recall that [my trial defense counsel] ever advised me that I could request waiver of automatic forfeitures for my daughter.” The majority opinion concludes “[a]ppellant’s assertion is too equivocal and ambiguous to overcome the presumption that his counsel were competent.” 57 MJ at 249. Although a close call, in my view, appellant made a tentative showing of ineffective assistance of counsel, which required the Government to rebut or concede the allegation.
The import of appellant’s statement is open to debate. Appellant does not state that counsel did not tell him he could seek waiver as part of his right to submit matters to the convening authority under RCM 1105— 06, Manual for Courts-Martial, United States (2000 ed.). He states that he does not recall that counsel did so. On the one hand, appellant’s choice of language might reflect hesitance on his part to state as fact something he is confident did not occur, but may not remember with absolute certainty when subject to the penalty of perjury. In other words, he might be saying that he does not believe something happened, but he does not recall the precise conversation at the time. This interpretation is enhanced when appellant’s first sentence is read with appellant’s next sentence:
I do not recall that [my trial defense counsel] ever advised me that I could request waiver of automatic forfeitures for my daughter. Had I known that I could have requested a waiver of automatic forfeitures to be paid ... for the benefit of [my daughter], I would have requested a waiver, especially after the deferment request was denied.
(Emphasis added.)
On the other hand, one might also interpret appellant’s statement, as the Court of Criminal Appeals (CCA) did, as conveying uncertainty only as to whether or not he was advised he could seek waiver. The CCA concluded that appellant did not say “that the defense counsel never advised [him] of the opportunity to request waiver of forfeitures ... [only] that he cannot recall whether his counsel ever advised him of that opportunity.” The CCA then observed, “At the risk of seeming unreasonably picky, that is a big *253 difference.” 55 MJ 537, 545 (2001). In other words, appellant might have meant that his counsel may have told him, or they may not have told him. That conveys something less certain than “not recall[ing] that” they told him. Based on this adjustment in substance and tone, the CCA “ ha[d] no difficulty holding the appellant to his own words ... [since] he fail[ed] to allege that his counsel did not advise him properly.” 55 MJ at 545. But the CCA did not, in fact, rely on appellant’s own words, nor did the CCA address the relationship between appellant’s first sentence and his second sentence in reaching its conclusion.
Lawyers and judges, wherever they might stand or sit, can find sufficient fodder in appellant’s word choice to craft an argument one way or the other as to the import of appellant’s words. My response to the CCA is why be “unreasonably picky” and semantic when the welfare of a two-year old dependent is involved and such a factual issue is easily resolved with little effort? The Government could have sought and filed an affidavit from defense counsel rebutting appellant’s statement. The Government could have sought and filed a copy of defense counsel’s standard post-trial briefing sheet, including reference to appellant’s right to seek waiver of automatic forfeitures pursuant to Article 58b(b), Uniform Code of Military Justice, 10 USC § 858b(b) (assuming one was used). The Government could have sought and filed defense counsel’s memo for the record of their post-trial briefing of appellant (assuming one was made). Judge advocates are prepared to deploy worldwide to afford distant populations an opportunity to find security and realize hope. I am confident the judge advocates in this case will take ten minutes to go to the case file to see if appellant was advised of his opportunity to seek waiver of automatic forfeitures for his dependents).
That leaves the question whether appellant, in any event, could have overcome the presumption that his counsel were competent. The Government concedes in its brief that as a general matter, “a trial defense counsel’s failure to submit a request for deferment or waiver of automatic forfeitures may constitute ineffective post-trial representation[.]” Final Brief at 9. However, the Government also concludes that in this ease, there is no possibility of ineffective post-trial assistance because the military judge did not recommend waiver and appellant suffered no prejudice since the convening authority had already considered and declined to defer appellant’s forfeitures.
By definition, assessments of prejudice during the clemency process are inherently speculative. They address possibilities relating to a discretionary act of grace. Therefore, if there is legal prejudice, it must be found in (1) the failure to afford an appellant an opportunity to seek waiver pursuant to his statutory. Article 58b(b) rights, and (2) a colorable showing of possible prejudice, i.e., some colorable showing that a convening authority would grant clemency in response to the exercise of that right. United States v. Chatman, 46 MJ 321, 324 (1997) (addressing the standard for post-trial relief where new matter is introduced without opportunity for accused’s counsel to comment). As this Court has often stated, an accused’s best chance for post-trial clemency is the convening authority. United States v. Wheelus, 49 MJ 283, 287 (1998).
There are good reasons to view requests for waiver of forfeitures to benefit dependents as less speculative than other forms of clemency that benefit an appellant. Dependents may themselves be victims, literally in the case of abuse, or collaterally in the ease of those who are dependent on the income and benefits associated with the military service of the convicted servicemember. While the clemency decisions of a convening authority may reflect the anger of the community at an appellant’s offenses, they may also reflect the care and humanity of the military for those genuinely and innocently in need, including dependents. Appellant may only have thought of his or her dependents upon conviction, but the command is free to think of them before and after conviction as members of the military community and family. That is what Congress intended in providing *254 statutory authority to convening authorities to waive forfeitures and provide pay and allowances to the dependents of the accused. Art. 58b(b).
Accepting the general argument, the immediate question is whether the convening authority’s earlier denial of deferment of forfeitures in this case removes the potential for prejudice in appellant’s case. On October 29, 1999, defense counsel requested a deferment of rank reduction and forfeitures on behalf of appellant to “allow him to continue meeting his child support duties for his 2-year old daughter.” Counsel noted that “[h]e has faithfully upheld his child support duties over the past two years and the mother of his daughter relies on it to take care of their daughter,” and that “[i]f this request is granted, A1C Key will be able to receive a higher amount of pay for a longer period of time and thus be able to meet his child support obligation.” (Appellant’s affidavit states that he provided $321 per month in child support.)
On November 8, the Staff Judge Advocate (SJA) recommended disapproval of this request, stating, inter alia:
... the defense asserts that a delay would allow him to continue meeting child support duties for his 2-year old daughter.
Albeit A1C Key’s financial situation is in itself uncomfortable, the fact remains that A1C Key’s situation is one of self-infliction. Likewise, in regard to his inability to provide financial support for his dependents, A1C Key did not attach financial statements or any other supporting evidence to substantiate his request.
The convening authority denied the deferment request the same day. Appellant subsequently waived his right to submit further clemency matters; however, appellant later declared that “[h]ad [he] known that [he] could have requested a waiver of automatic forfeitures to be paid ... for the benefit of [his daughter, he] would have requested a waiver, especially after the deferment request was denied.” Appellant also stated that “[h]ad [he] known that the Staff Judge Advocate based his denial recommendation on the lack of proof that [he] needed the money both to support [his] daughter [and] to meet [his] other financial obligations, [he] would have provided additional matters with a request for waiver.” * Id.
There are good reasons why a convening-authority might provide a waiver of forfeitures to an A1C appellant for the benefit of a two-year dependent, whether or not child support requirements were in place and met. Such a dependent might well have financial needs beyond $321 a month. And, such a child might well face extraordinary expenses as his or her source of child support transitions from the military to civilian society on the strength of a bad-conduct discharge.
Nonetheless, I agree with the majority. In light of this convening authority’s decision on deferment, which was made with knowledge that appellant, an A1C, had a two-year old dependent, there seems no colorable possibility that this convening authority would have granted clemency relief to appellant had he submitted a request for waiver of forfeitures or specific documentation of financial need, beyond the general assertion already contained in his deferment request.
* * *
In sum, I agree with the Government’s brief: “[A] trial defense counsel’s failure to submit a request for deferment or waiver of automatic forfeitures may constitute ineffective post-trial representation[.]” The tie does not go to the appellate runner when it is the appellant that bears the burden of persuasion. In this case, appellant made a marginal showing that he was not informed of his right to seek waiver on behalf of his dependents, which should have been addressed by the Government and CCA with more than word-smithing. Therefore, if resolution of this case depended on prong I of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), I would *255 have remanded this case for further fact-finding regarding appellant’s allegation of ineffective assistance of counsel. Nonetheless, for the reasons stated above, applicable only to this case and the actions of this convening authority, appellant has not carried his burden on Strickland prong II prejudice. Therefore, I concur in the result the majority reaches on Issue II.

 The record does not reflect that the SJA's recommendation on deferment was provided to appellant at the time the convening authority acted, and this Court has heretofore not found such a requirement for notice and an opportunity to be heard regarding an SJA’s recommendation on deferment. See United States v. Brown, 54 MJ 289, 291-92 (2000).