# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.R. MCFARLANE, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**ISMAEL MORALES**
**PRIVATE (E-1), U.S. MARINE CORPS**

**NMCCA 201400388**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 24 July 2014.
**Military Judge:** LtCol C.A. Miracle, USMC.
**Convening Authority:** Commanding General, Training Command, Quantico, VA.
**Staff Judge Advocate's Recommendation:** Capt M.G. Blackborow, USMC.
**For Appellant:** Maj Michael D. Berry, USMCR.
**For Appellee:** Mr. Brian K. Keller, Esq.

**19 February 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A special court-martial, consisting of a military judge alone, convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general order, one specification of dereliction of duty, and one specification of adultery, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. The appellant was sentenced to a bad-conduct discharge. The convening authority

(CA) approved the adjudged sentence and, pursuant to a pretrial agreement, suspended the bad-conduct discharge.

## Failure to Treat VLC Letter as New Matter

Although not assigned as error, we note that the appellant was not afforded an opportunity to comment on the letter submitted by the Victim's Legal Counsel (VLC) to the CA after the initial staff judge advocate's recommendation (SJAR). The SJAR was signed on 26 September 2014. The appellant, through counsel, waived his right to submit matters in clemency on 17 October 2014. The VLC submitted a letter to the CA on 30 September 2014, which commented on matters outside the record pertaining to alleged misconduct far more serious than that to which the appellant pleaded guilty. There is nothing in the record to indicate the appellant was aware of the VLC letter. The addendum to the SJAR includes the VLC letter, but does not treat it as a "new matter" requiring an additional opportunity for the appellant and his counsel to comment. *See* RULE FOR COURTS-MARTIAL 1106(f)(7), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Given the contents of the VLC's letter, we find this to be error.

When new matter is presented to the CA without giving the appellant an opportunity to respond, the burden is on the appellant to "demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter or explain the new matter." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997) (citation and internal quotation marks omitted). Although the threshold is "low," *United States v. Catalani*, 46 M.J. 325, 327 (C.A.A.F. 1997), the appellant must demonstrate that the proffered response to the unserved addendum "could have produced a different result." *United States v. Brown*, 54 M.J. 289, 293 (C.A.A.F. 2000). The appellant has not met that burden and therefore is not entitled to relief.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

2