# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39648**

———————————

**UNITED STATES**
*Appellee*

**v.**

**James P. WARD**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 3 September 2020

———————————

*Military Judge:* Jefferson B. Brown.

*Approved sentence:* Dishonorable discharge, confinement for 5 years, reduction to E-1, and a reprimand. Sentence adjudged 17 December 2018 by GCM convened at Maxwell Air Force Base, Alabama.

*For Appellant:* Major Christopher C. Newton, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Chief Judge J. JOHNSON delivered the opinion of the court, in which Senior Judge POSCH and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

J. JOHNSON, Chief Judge:

A general court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas and pursuant to the terms of a pretrial agreement (PTA), of seven specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §

920b.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for five years and six months, reduction to the grade of E-1, and a reprimand. In accordance with the PTA, the convening authority reduced Appellant's term of confinement to five years and approved the remaining elements of the sentence. In addition, in accordance with the PTA the convening authority waived mandatory forfeitures for a period of six months for the benefit of Appellant's dependent child; however, he denied Appellant's request that the convening authority defer the reduction in grade until action on the sentence. *See* Articles 57 and 58b, UCMJ, 10 U.S.C. §§ 857, 858b.

Appellant raises two issues on appeal: (1) whether the convening authority abused his discretion when he denied Appellant's request to defer the reduction in grade without articulating his reasons for doing so; and (2) whether Appellant is entitled to a new post-trial process because the staff judge advocate's recommendation (SJAR) to the convening authority misstated the maximum imposable punishment and incorrectly inflated Appellant's misconduct. We find no error materially prejudicial to Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant sexually abused his then-12-year-old niece by kissing her on several areas of her body; causing her to touch his penis with her hand, both through his clothing and directly; touching her genitalia and buttocks with his penis through clothing; and intentionally exposing his genitalia to her; all with the intent to arouse or gratify his sexual desire. Appellant pleaded guilty to seven specifications of sexual abuse of a child pursuant to a PTA with the convening authority. The convening authority agreed in the PTA to approve no more than five years of confinement, and to "defer and/or waive any mandatory forfeitures and defer and disapprove or commute any adjudged forfeitures for the benefit" of Appellant's dependent child. The convening authority did not agree in the PTA to defer, disapprove, or take any other action with respect to any adjudged reduction in grade.

On 17 December 2018, the military judge sentenced Appellant to a dishonorable discharge, confinement for five years and six months, reduction to the grade of E-1, and a reprimand. On 19 December 2018, Appellant's trial defense counsel submitted the following request to the convening authority:

---

[1] All references in this opinion to the Uniform Code of Military Justice and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

> [Appellant] hereby requests that the convening authority waive the mandatory forfeitures for the benefit of his son . . . pursuant to the [PTA] in this case. Additionally, [Appellant] requests that the convening authority defer the adjudged reduction in rank until action is taken on his case. This request is for the benefit of [his] son. As was elicited in court, [Appellant] has been left as a single father for his son and while he is in confinement, [Appellant's] mother will be left as the sole caretaker. Approving this request will ensure that his son receives the maximum financial benefit possible.

On 3 January 2019,[2] the convening authority approved Appellant's request to waive the mandatory forfeitures for a period of six months, with total pay and allowances directed to be paid to the guardian of Appellant's son for the son's benefit. With regard to the request to defer the reduction in grade until action, the convening authority simply "disapprove[d]" it without further explanation. The convening authority's decision memorandum did not refer to any legal advice from the staff judge advocate (SJA), and no such written advice is included in the record of trial.

On 24 January 2019, the SJA signed his recommendation (SJAR) to the convening authority regarding action on Appellant's court-martial. The first paragraph of the SJAR referred to an attached Report of Result of Trial (RRT) "which summarizes the *charges* [sic] and specifications, pleas, findings, and sentence." (Emphasis added). Further on, the SJAR incorrectly stated "[t]he maximum imposable sentence for the offenses for which [Appellant] was convicted is a reprimand, reduction to the grade of E-1, *confinement for 140 years*, and a dishonorable discharge," which misstated the maximum term of confinement by five years. (Emphasis added). The SJAR correctly stated that as a condition of the PTA, the convening authority had agreed to limit Appellant's term of confinement to five years and to defer and/or waive the mandatory forfeitures for the benefit of Appellant's son. The SJAR correctly stated the convening authority could not modify the punitive discharge, but could "disapprove, commute or suspend in whole or in part the reduction in rank and reprimand." The SJA recommended the convening authority approve the adjudged reprimand, reduction, and dishonorable discharge, and approve only five years of confinement in accordance with the PTA. Copies of Appellant's deferment request and the convening authority's denial were attached to the SJAR.

---

[2] The document is incorrectly dated "3 January 2018."

Trial defense counsel submitted a clemency request on Appellant's behalf on 17 February 2019. In a memorandum with several attachments, including memoranda from Appellant and Appellant's mother, trial defense counsel acknowledged the convening authority had previously denied the request to defer the reduction in grade, but requested he suspend the reduction in order to maximize the financial support to Appellant's son. The Defense did not allege any legal error in the SJAR or elsewhere in the proceeding.

The SJA signed an addendum to the SJAR on 27 February 2019. The addendum did not identify or correct any error in the SJAR. The SJA again recommended the convening authority reduce Appellant's term of confinement to five years in accordance with the PTA and approve the remaining elements of the sentence. On 1 March 2019, the convening authority took action in accordance with this advice.

Although the convening authority's 3 January 2019 memorandum denying Appellant's deferment request did not state the reasons for denial, on appeal the Government has submitted a sworn declaration from the convening authority dated 23 September 2019 that does address his reasoning. The memorandum states, *inter alia*, the convening authority "considered [Appellant's] request utilizing the factors stated in Rule for Court[s]-Martial 1101(c)(3)," and listed those factors. The convening authority then explained:

> I did not grant the deferment of the reduction in rank because I decided that the combined weight of the nature of the offenses [Appellant] was convicted of, the sentence adjudged along with the protections of the [PTA] that [Appellant] received, and the effect of the deferment on good order and discipline in the command were inconsistent with [Appellant] remaining a Noncommissioned Officer for any additional amount of time. In particular, the severe nature of the offenses that [Appellant] pled guilty to, which consisted of one charge and seven specifications of lewd acts upon a minor child, weighed most heavily upon my decision.

## II. DISCUSSION

### A. Action on Deferment Request

#### 1. Law

Article 57(a)(2), UCMJ, 10 U.S.C. § 857(a)(2), authorizes a convening authority, upon application by the accused, to defer a forfeiture of pay or allowances or a reduction in rank until the date the convening authority takes action on the sentence. Rule for Courts-Martial (R.C.M.) 1101(c)(3) provides that an accused seeking to have a punishment deferred "shall have the bur-

den of showing that the interests of the accused and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date." The rule outlines several factors which the convening authority may consider in determining whether to grant the request, including *inter alia* the nature of the offenses, the sentence adjudged, the effect of deferment on good order and discipline in the command, and the accused's character, mental condition, family situation, and service record.[3] "When a convening authority acts on an [appellant]'s request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the [appellant]) and must include the reasons upon which the action is based." *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); *see also* R.C.M. 1101(c)(3), Discussion ("If the request for deferment is denied, the basis for the denial should be in writing and attached to the record of trial."). We review a convening authority's denial of a deferment request for an abuse of discretion. *Sloan*, 35 M.J. at 6 (citing R.C.M. 1101(c)(3)).

"The proper completion of post-trial processing is a question of law the court reviews de novo." *United States v. Zegarrundo*, 77 M.J. 612, 613 (A.F. Ct. Crim. App. 2018) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Failure to timely comment on matters in or attached to the SJAR forfeits a later claim of error; we analyze such forfeited claims for plain error. *Id.* (citations omitted). "To prevail under a plain error analysis, [an appellant] must persuade this Court that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65) (additional citation omitted).

**2. Analysis**

The convening authority's memorandum denying the requested deferment of Appellant's reduction in grade was attached to the SJAR provided to Appellant; accordingly, because the Defense did not comment on or object to any error, we review for plain error. *See Zegarrundo*, 77 M.J. at 613 (citations omitted). The convening authority did err when he denied Appellant's request to defer the reduction in grade without stating "the reasons upon which the

---

[3] Other factors listed in R.C.M. 1101(c)(3), including "the probability of the accused's flight[,] the probability of the accused's commission of other offenses . . . or interference with the administration of justice[, and] the command's immediate need for the accused," are evidently more relevant to a request to defer confinement than a request to defer reduction in rank.

action [wa]s based," and the error was plain and obvious. *Sloan*, 35 M.J. at 7; *see Scalo*, 60 M.J. at 436. However, we find Appellant has failed to demonstrate prejudice resulting from the error.

The Government asserts that when there is error in the convening authority's action on a deferment request, relief is warranted only if the appellant makes a colorable showing of possible prejudice, and cites *United States v. Brown*, 54 M.J. 289, 292 (C.A.A.F. 2000), and *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). The United States Court of Appeals for the Armed Forces developed the low "colorable showing of possible prejudice" standard in the context of errors related to the convening authority's "highly discretionary Executive function" of providing clemency. *Wheelus*, 49 M.J. at 289 (citation omitted). In recent years, in a series of unpublished opinions this court has cited the "colorable showing" test as the standard for prejudice applicable to *Sloan* errors. *See, e.g.*, *United States v. Bingham*, No. ACM 39425, 2019 CCA LEXIS 370, at *55–56 (A.F. Ct. Crim. App. 12 Sep. 2019) (unpub. op.), *rev. denied*, 79 M.J. 346 (C.A.A.F. 2019); *United States v. Dadona*, No. ACM 39202, 2018 CCA LEXIS 325, at *24 (A.F. Ct. Crim. App. 2 Jul. 2018) (unpub. op.); *United States v. Jalos*, No. ACM 39138, 2017 CCA LEXIS 607, at *6 (A.F. Ct. Crim. App. 5 Sep. 2017) (unpub. op.). However, unlike the convening authority's exercise of clemency, an appellant is required to demonstrate entitlement to deferment, and the convening authority's decision is subject to review for an abuse of discretion. R.C.M. 1101(c)(3). Because the convening authority's discretion to defer punishment is therefore less unfettered than the exercise of clemency, arguably an appellant should be required to demonstrate more than a colorable showing of possible prejudice in order to demonstrate material prejudice to a substantial right in the context of a deferment request. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a); *Scalo*, 60 M.J. at 436 (citations omitted). However, we need not definitely resolve this question. Accepting for purposes of analysis, without deciding, the Government's concession that the "colorable showing" standard is appropriate, we conclude Appellant has failed to meet even this low standard to demonstrate prejudice.

Appellant does not allege the convening authority based his denial on any unlawful or improper reason. *See Jalos*, unpub. op. at *6 (quoting *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002)) ("Absent credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason, an erroneous omission of reasons in a convening authority's denial of a deferment request does not entitle an appellant

to relief.").[4] Instead, Appellant contends he is "left to guess" at the reasons for denial and "cannot meaningfully challenge the convening authority's decision." *See Sloan*, 35 M.J. at 6–7 ("Judicial review is not an exercise based upon speculation, and we will not permit convening authorities to frustrate the lawful responsibility of the [military appellate courts] . . . .").

On appeal, the Government has attempted to redress this deficiency with the convening authority's sworn declaration explaining his reasoning.[5] Although we are mindful that such *post facto* explanations may, even if unconsciously, be influenced by the benefit of hindsight, this court has considered convening authority declarations from time to time, and we consider it as one data point to be weighed along with the other available evidence. *See, e.g.*, *United States v. Hunt*, No. ACM S32513, 2019 CCA LEXIS 439, at *26 (A.F. Ct. Crim. App. 15 Oct. 2019) (unpub. op.); *United States v. Hart*, No. ACM S32520, 2019 CCA LEXIS 308, at *14 (A.F. Ct. Crim. App. 24 Jul. 2019) (unpub. op.), *rev. denied*, 79 M.J. 286 (C.A.A.F. 2019); *United States v. Bessmertnyy*, No. ACM 39322, 2019 CCA LEXIS 255, at *109 (A.F. Ct. Crim. App. 14 Jun. 2019) (unpub. op.), *rev. denied*, 80 M.J. 91 (C.A.A.F. 2020). Therefore, we now have an indication of the reasons for the convening authority's decision to deny the deferment, allaying the concerns behind the *Sloan* rule.

Appellant also contends the factors listed in R.C.M. 1101(c)(3) indicate the convening authority abused his discretion by denying the deferment request. Appellant contends that granting the request would have had "little to no impact" on good order and discipline due to the dishonorable discharge and confinement, and because Appellant's peers would understand the purpose of

---

[4] We recognize this court's unpublished opinion in *Jalos* quoted our sister court's published opinion in *Zimmer* with approval, and thereby implied that a credible showing of an improper or unlawful reason would be a prerequisite to relief for a *Sloan* error. *See also United States v. Winn De Leon*, No. ACM S32544, 2019 CCA LEXIS 396, at *8 (A.F. Ct. Crim. App. 9 Oct. 2019) (quoting *Zimmer*, 56 M.J. at 874); *United States v. Eppes*, No. ACM 38881, 2017 CCA LEXIS 152, at *43 (A.F. Ct. Crim. App. 21 Feb. 2017) (unpub. op.), *aff'd*, 77 M.J. 339 (C.A.A.F. 2018) (quoting *Zimmer,* 56 M.J. at 874). However, we do not hold such a showing is necessarily required in order to meet the low threshold of a colorable showing of possible prejudice. Nevertheless, the absence of such evidence is a relevant consideration.

[5] We have assessed whether we may consider this declaration from outside the "entire record" of trial in light of our superior court's recent decision in *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020). We conclude that we may, in line with precedents permitting consideration of affidavits "necessary for resolving issues raised by materials in the record." *Id*. at 444.

providing financial support for Appellant's son. Further, he contends the interest in providing financial support to his son's caretaker "outweigh[s] any community interests in the case." We are not persuaded.

Appellant was convicted of multiple sexual offenses against a child over the course of several incidents. We find the convening authority's explanation that he concluded Appellant should not retain the status of a noncommissioned officer for any additional time to be both convincing and reasonable. Moreover, we note the convening authority did agree to permit a significant amount of financial support for Appellant's sole dependent by waiving the mandatory forfeitures, albeit at the reduced grade. Furthermore, the fact that the PTA specifically provided for the waiver of mandatory forfeitures and not for the deferment of any reduction in grade further suggests this was a careful, reasoned decision by the convening authority in balancing competing interests.

Having considered the totality of the record, we conclude Appellant has failed to demonstrate a colorable showing of possible prejudice arising from the convening authority's failure to state his reasons for denying the requested deferment. Furthermore, we find the convening authority did not abuse his discretion by denying the requested deferment.

## B. SJAR Error

Appellant contends he is entitled to a new post-trial process due to two errors in the SJAR. First, he notes the first paragraph of the SJAR referred to the "charges and specifications," whereas there was only a single charge of violating Article 120b, UCMJ, with seven specifications. Second, Appellant notes the SJAR incorrectly stated the maximum imposable term of confinement was 140 years, when in fact it was 135 years. Appellant contends the result of these errors taken together overstated the apparent severity of his misconduct, and thereby prejudiced his opportunity to obtain clemency from the convening authority. We find Appellant has failed to demonstrate a colorable showing of possible prejudice. *See Scalo*, 60 M.J. at 436–37 (quoting *Kho*, 54 M.J. at 65).

With regard to the SJAR erroneously referring to "charges" rather than "charge," this appears to be a simple typographical error. Although "plain," we cannot perceive how this error might have substantially affected Appellant's opportunity to obtain clemency. The RRT attached to the SJAR correctly identified there was a single charge with seven specifications. The convening authority would have already been familiar with these from having referred the charge and specifications for trial by general court-martial on 21 August 2018, and from signing the PTA on 11 December 2018. Other than the errant pluralization of the word "charge" in a single sentence, there is no

implication elsewhere in the record that Appellant was guilty of offenses beyond the seven specifications of sexual abuse of a child for which he was convicted and sentenced.

With regard to the maximum imposable sentence, we similarly discern no colorable showing of possible prejudice. The SJAR did misstate the maximum term of confinement, and the error was plain; Appellant was convicted of six specifications of sexual abuse of a child involving sexual contact, each of which carried a maximum term of confinement of 20 years, but also one specification of sexual abuse not involving sexual contact, which carried a maximum term of only 15 years in confinement.[6] *See Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 45b.e.(3). However, the discrepancy was insignificant in comparison to the maximum term of confinement. Both the erroneous and correct terms—140 years and 135 years, respectively—were vastly higher than the five-year cap the convening authority had agreed to in the PTA and the five years and six months actually imposed by the military judge. The error had no effect on the nature of the offenses set forth on the charge sheet and summarized on the RRT. Furthermore, the convening authority had no ability to modify the findings or the dishonorable discharge, or to reduce the term of confinement below five years. *See* Article 60(c), UCMJ, 10 U.S.C. § 860(c). Moreover, the convening authority had previously decided not to defer Appellant's reduction in grade; we are not persuaded there was any prospect that knowing the maximum imposable term of confinement was only 135 years rather than 140 years might have induced the convening authority to suspend the reduction entirely, as Appellant's clemency submission requested.

Accordingly, Appellant has not demonstrated he is entitled to a new post-trial process.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[6] For purposes of sentencing, the military judge consolidated the non-contact specification with one of the sexual contact specifications. As a result, the military judge considered a maximum term of only 120 years in confinement. However, Appellant does not allege the SJAR was erroneous as a result of the consolidation for sentencing.

Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court