UNITED STATES

v.

**Staff Sergeant David J. OWEN,**
**United States Air Force.**

ACM 33140.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 Dec. 1997.

Decided 3 Dec. 1998.

Appellate Counsel for Appellant: Colonel Douglas H. Kohrt (argued).

Appellate Counsel for the United States: Captain Steven D. Dubriske (argued), Lieutenant Colonel Anthony P. Dattilo, and Lieutenant Colonel Michael J. Breslin.

ROTHENBURG, Chief Judge, SNYDER and YOUNG, Senior Judges, SENANDER, MORGAN, and SCHLEGEL, Appellate Military Judges En Banc.

## OPINION OF THE COURT

SNYDER, Senior Judge:

Tried by a military judge sitting as a general court-martial, appellant was convicted, consistent with his pleas, of sodomy, taking indecent liberties, and committing indecent acts, all with a female child under 16 years of age. Articles 125 and 134, UCMJ, 10 U.S.C. §§ 925 and 934. The military judge sentenced him to a dishonorable discharge, confinement for 8 years, reduction to the grade of E–1, and forfeiture of all pay and allowances. Pursuant to a pretrial plea agreement, the convening authority reduced the confinement to 7 years but otherwise approved the adjudged sentence, including the total forfeitures. Based on appellant's request, the convening authority also directed that "total pay and allowances" be waived for six months pursuant to Article 58b, UCMJ, and paid to appellant's spouse for the benefit of her and their children for that period. The efficacy of the convening authority's efforts to execute this waiver is the question before this Court.

## BACKGROUND

In his brief, and in oral argument, appellate defense counsel avers that appellant is entitled to a new convening authority action. He contends that, once the convening author-

ity approved the adjudged forfeiture of all pay and allowances, he had no authority to waive the forfeitures as he attempted to do, because there were no automatic forfeitures to waive. To remedy this perceived defect, appellate defense counsel urges this Court to order a new action of the convening authority in order to protect appellant and his family from the prospect of recoupment action by United States fiscal authorities *in futuro*. As we explain *infra*, in light of our prior decisions, appellate defense counsel's argument is very reasonable. Indeed, it reflects the current state of the law in the Air Force.

Appellate government counsel, on the other hand, urges us to deny relief, as appellant's concern is based on speculation that some official from the finance community may someday discover that the convening authority acted beyond the scope of his legal authority and then demand that appellant's dependents return the money paid to them. Further, in view of the fact that appellant's dependents did in fact receive the amount of the waived forfeitures, appellate government counsel aver that appellant has not suffered any prejudice and is entitled to no relief. Appellate government counsel argues that, at most, this Court should make any required "correction" of the wording of the action of the convening authority and that ordering a new action is not required.

In view of the number of cases containing issues related to Articles 57(a) and 58b, UCMJ, 10 U.S.C. §§ 857(a) and 858b, and the fact that earlier panel decisions do not discuss the distinction between these two articles, we decided to address the matter *en banc*. After consideration of the parties' briefs and oral arguments, we find no defect in the convening authority's action, and we affirm.

## DISCUSSION

■ As stated *ante*, prior to the convening authority's action on the findings and sentence, appellant requested a waiver of forfeitures. The convening authority granted appellant's request (appellant actually requested the waiver prior to being served with a copy of the Staff Judge Advocate's Recommendation (SJAR), *see* Article 60(c)(2), UCMJ). The Secretary of the Air Force, via Air Force Instruction 51–201(AFI), *Administration of Military Justice*, ¶ 9.7.3 (3 October 1997), implements Article 60 in a broad manner. AFI 51–201 authorizes a convening authority to act on a request to defer or waive automatic forfeitures *at any time* prior to taking action on the sentence, if an accused is actually serving confinement. *United States v. Spears*, 48 M.J. 768, 773–74 (A.F.Ct.Crim.App.1998) (emphasis added). In *Spears*, this Court construed Articles 57(a) and 58b as granting the convening authority clemency powers regarding congressionally mandated forfeitures, because Congress specifically limited the authority to waive the forfeitures mandated by Article 58b(a)(1) (hereafter, automatic forfeitures) to one who acts pursuant to Article 60, UCMJ, 10 U.S.C. § 860. *Id.* Therefore, in the instant case, the convening authority acted within the purview of AFI 51–201 when he granted appellant's request to waive forfeitures prior to his receiving a copy of the SJAR. While *Spears* recognized this broad Secretarial authority, it failed to emphasize the key distinction between Articles 57(a) and 58b, and that distinction dictates the result in the instant case.

■ *Spears* also held that a convening authority may only waive automatic forfeitures mandated by Article 58b(a)(1). *Spears*, 48 M.J. at 773. Further, if a convening authority approves an adjudged sentence of forfeiture of all pay and allowances, then there are no forfeitures remaining which may be waived, and any effort to waive forfeitures is a nullity, unless the convening authority disapproves "part or all of the adjudged forfeitures." *Id.* It is this portion of *Spears* which we overrule.

The genesis of the misapplication of these articles appears to be Article 58b's reference to Article 57(a) for the effective date of automatic forfeitures of pay. *See* Article 58b(a)(1). It resulted in our past decisions according Article 57(a)(1) a broader reach than is merited by the terms of the statute; *ergo, Spears'* holding that any adjudged forfeiture of all pay and allowances must first be disapproved in order to key Article 58b(a)(1). This, in turn, has resulted in our overly

restricting the plain terms of Article 58b. We now hold that, except where clearly stated by Article 58b, Article 57(a) does not dictate how Article 58b is applied or otherwise restrict its application.

We first address the misconception. Article 57(a)(1) does no more than mandate the effective date of any "forfeitures of pay or allowances or reduction in grade included in the sentence of a court-martial." There is nothing in the terms of this statute which supports a conclusion that an adjudged forfeiture trumps Article 58b in the absence of specific action by the convening authority. On the other hand, Article 58b, by its plain terms, works entirely independently of Article 57(a).

Presumably as a matter of drafting convenience, Congress specifically adopted the effective date in Article 57(a) for Article 58b. *See* Article 58b(a)(1). Congress also specifically authorized deferment of automatic forfeitures via the procedures contained in Article 57(a)(2). Other than these two instances, there is nothing in Article 58b which indicates any dependency whatsoever on Article 57(a) for the operative effects of Article 58b. If the sentence contains either of the triggering components set forth in Article 58b(a)(2), then the automatic forfeitures indicated in Article 58b(a)(1) are keyed, period. Article 57(a) affects neither the amount of the forfeiture nor the extent of the convening authority's discretion, save providing for the effective date of the forfeitures in the absence of a deferral.

The basic premise which governs this area is as follows: if the sentence of a court-martial keys Article 58b, that is, the court adjudges confinement for 6 months or more or death, or a punitive discharge and any amount of confinement, then Article 58b(a)(1) mandates automatic forfeitures regardless of whether the adjudged sentence specifically includes forfeiture of pay. In the face of this clear and unambiguous language, once the convening authority approves a sentence which keys Article 58b(a)(1), he or she has the specific authority to waive part or all of the forfeitures. Article 58b(b). There is no requirement that adjudged forfeitures first be disapproved, for if the required components are present, it is Article 58b(a) which mandates the forfeitures, not the sentence of the court-martial. In other words, "automatic forfeitures take priority over adjudged forfeitures." AFI 51–201, para. 9.7.3.

Where an adjudged sentence includes forfeitures but does not otherwise key Article 58b(a)(1), Article 57(a) accelerates the effective date of the adjudged forfeitures. It does not, however, authorize waiver under Article 58b. Only those forfeitures which are mandated by Article 58b(a)(1) may be waived. *See* R.C.M. 1001(d)(1). Thus, a convening authority does not have authority to waive any forfeiture in the absence of Article 58b(a)(1) being keyed.

As this Court held in *Spears,* one example of Article 58b's supremacy is when a general court-martial adjudges partial forfeitures with the other triggering components of Article 58b(a)(2). The adjudged partial forfeitures, notwithstanding, Article 58b(a)(1) still mandates total forfeitures. *Spears,* 48 M.J. at 768. Where our decision in the instant case "tweaks" *Spears* is our holding that it is unnecessary to first disapprove any adjudged forfeiture in order to key automatic forfeitures and the convening authority's power to waive any or all thereof.

To recap our holding; henceforth, if the sentence of a court-martial includes a partial forfeiture of pay, or forfeiture of all pay and allowances, and otherwise keys Article 58b(a)(1), and the accused requests a waiver which is granted, the convening authority is not required to first disapprove the adjudged forfeiture in order to effect the waiver. All that is required is approval of the sentence and language in the action directing the amount of the forfeiture to be waived and the duration of the waiver. AFI 51–201, ¶ 9.8.4.

To the extent that our prior decisions are inconsistent with this holding, they should not be followed. Further, we caution staff judge advocates to ensure their staffs are thoroughly trained in the distinction between a deferment of forfeitures and a waiver, and that they are correctly informed of the accused's entitlement to pay at all stages of the proceedings (for example: if an accused is in confinement after expiration of his/her enlistment, there will not be any forfeitures to waive, for the accused will not be entitled to

**632**

pay); and, whether the amended Article 57(a) or Article 58b applies at all.

In the instant case, the convening authority approved the forfeitures, and the other components of the sentence, and waived the forfeitures for the benefit of appellant's dependents as requested. The convening authority was fully empowered to do this by Articles 58b(b) and 60, UCMJ, and AFI 51–201. Therefore, no corrective action is required.

Accordingly, the findings and sentence are hereby

AFFIRMED.

Chief Judge ROTHENBURG, Senior Judge YOUNG, and Judges SENANDER, MORGAN and SCHLEGEL concur.

Judge SPISAK did not participate.