## UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## James R. FRYE
## Fireman Apprentice (E-2), U.S. Coast Guard

## CGCMS 24234

## Docket No. 1173

## 20 March 2003

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Group Moriches, Station Fire Island. Tried at Babylon, New York, 15 May 2002.

| | |
|---|---|
| Military Judge: | CDR Michael J. Lodge, USCG |
| Trial Counsel: | LCDR Sean P. Gill, USCG |
| Assistant Trial Counsel: | LTJG Christopher F. Coutu, USCG |
| Detailed Defense Counsel: | LT Christopher Phan, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Daniel J. Goettle, USCG |

## BEFORE
## PANEL NINE
## BAUM, BRUCE, & PALMER
Appellate Military Judges

Per Curiam

Appellant was tried by special court-martial, judge alone. Pursuant to his guilty pleas, entered in accordance with a pretrial agreement, he was convicted of the following offenses: one specification of conspiracy with Coast Guard Seaman Recruit Aaron M. Freeman to commit larceny of $600 from a Coast Guard shipmate, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of wrongful appropriation of a shipmate's Automated Teller Machine (ATM) card, and one specification of larceny of $400 from that shipmate, in violation of Article 121, UCMJ. The military judge sentenced Appellant to a bad conduct discharge (BCD), confinement for 100 days, and a fine of $200. The convening authority approved the BCD, the fine of $200, and a reduced period of confinement of 75 days, which was within the terms of the pretrial agreement. Before this Court, Appellant has assigned two errors both of which are rejected as described below.

In his first assignment of error (AOE), Appellant claims a fine is inappropriate punishment where Appellant has made full restitution and thus was not "unjustly enriched." We disagree. We are not limited to approving a fine only when there has been unjust enrichment. *United States v. Cuen*, 9 U.S.C.M.A. 332, 337, 26 C.M.R. 112, 117 (C.M.A. 1958); *United States v. Williams*, 18 M.J. 186, 189 (C.M.A. 1984). Nevertheless, we believe that Appellant in this case was unjustly enriched despite his voluntary restitution after the thefts were discovered. The use of wrongfully obtained cash from the time the theft occurred to the time Appellant finished making restitution to the victim was unjust enrichment. Furthermore, Appellant did not compensate his victim for the ATM service fees she incurred when he wrongfully obtained cash from her account. He, thus, was also unjustly enriched by avoiding these fees for the cash he withdrew.

In his second AOE, Appellant claims there is no evidence that the convening authority considered clemency materials submitted by the Appellant. This issue is resolved by an affidavit of the convening authority, submitted by the government, which states that the convening authority did consider all of the clemency materials submitted by defense, in addition to the record of trial and the recommendation of the staff judge advocate, before acting on the record. *United States v. Spears*, 48 M.J. 768, 776 (A.F. Ct. Crim. App. 1998) *overruled in part by, United States v. Owen*, 50 M.J. 629, 630 (A.F. Ct. Crim. App. 1998) (en banc).

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the findings of guilty and sentence, as approved below, are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.



For the Court,

Roy Shannon, Jr.
Clerk of the Court