# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————————

**No. ACM 40185**

———————————————

**UNITED STATES**
*Appellee*

**v.**

**Michael A. VALENTIN-ANDINO**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 January 2023

———————————————

*Military Judge:* Charles E. Wiedie (arraignment); Willie J. Babor.

*Sentence:* Sentence adjudged on 20 May 2021 by GCM convened at Royal Air Force Lakenheath, United Kingdom. Sentence entered by military judge on 10 June 2021: Dishonorable discharge, confinement for 90 days, and reduction to the grade of E-1.

*For Appellant:* Major Eshawn R. Rawlley, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major John P. Patera, USAF; Major Jay S. Peer, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges*.

Judge CADOTTE delivered the opinion of the court, in which Senior Judge POSCH and Judge RICHARDSON joined.

———————————————

**PUBLISHED OPINION OF THE COURT**

———————————————

CADOTTE, Judge:

A general court-martial, consisting of officer and enlisted members, convicted Appellant, contrary to his pleas, of one specification of sexual assault, in

violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, *Manual for Courts-Martial, United States* (2019 ed.).[1] Members sentenced Appellant to a dishonorable discharge, confinement for 90 days, and reduction to the grade of E-1.

Appellant raises four assignments of error, which we have reworded: (1) whether Appellant's conviction is legally and factually sufficient; (2) whether the record of trial is substantially incomplete; (3) whether Appellant is entitled to appropriate relief because he was not timely served with the victim's submission of matters in accordance with Rule for Courts-Martial (R.C.M.) 1106A, prior to the convening authority signing the Decision on Action memorandum in his case; and (4) whether Appellant was deprived of his right to a unanimous verdict.

We find remand is necessary to address Appellant's second and third assignments of error. We agree with Appellant's second assignment of error that the record of trial is incomplete because it is missing substantially verbatim recordings of the court-martial proceedings. As a result, we return it for correction under R.C.M. 1112(d). Additionally, we agree with Appellant's third assignment of error and find he was not served a copy of the victim's submission of matters or provided with an opportunity to rebut the matters prior to the convening authority signing the Decision on Action memorandum on 3 June 2021. Consequently, we find that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

On 19 May 2021, officer and enlisted members found Appellant guilty of one specification of sexually assaulting KG, and the next day Appellant was sentenced to a dishonorable discharge, confinement for 90 days, and reduction to the grade of E-1. At the conclusion of the court-martial, both Appellant and KG were advised of their right to submit matters to the convening authority.

On 24 May 2021, KG submitted matters to the convening authority in accordance with R.C.M. 1106A. Four paragraphs of KG's matters are identical to her written sentencing victim impact statement. In the remaining two paragraphs of her matters, KG highlights Appellant's adjudged sentence and then states, "From what I understand this is well below the maximum allowable sentence for [Appellant's] crime: the crime he committed against me that will

---

[1] Unless otherwise noted, all other references to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

affect me for the rest of my life." KG then requested the convening authority "not grant any clemency in the form of a lighter sentence or setting aside any conviction," and pleaded, "Please affirm the conviction and sentence imposed." KG concludes by thanking the convening authority for consideration of her letter and her "request not to grant clemency in this case."

On 30 May 2021, Appellant requested deferment of automatic forfeitures pursuant to R.C.M. 1103(b) and Article 57(b), UCMJ, until entry of judgment. Appellant's request was based on his own desire to obtain financial relief as he "prepare[d] for his transition from the Air Force." The request also addressed each factor contained in R.C.M. 1103(d)(2), which we address in more detail later in this opinion. Afterwards, on 1 June 2021, Appellant's counsel informed the Government that Appellant did not intend to submit additional matters to the convening authority.

On 3 June 2021, the convening authority signed a Decision on Action memorandum in which the convening authority took "no action" on the findings and sentence.[2] In this memorandum the convening authority also denied Appellant's deferment request, stating:

> [Appellant] requested that I defer forfeiture of pay for a period of six months. I hereby deny the requests [sic] for deferment. After considering the factors outlined in R.C.M. 1103(d) with regard to deferment, in particular the nature of the offenses [sic] and their effect on the victim, I find [Appellant] did not meet his burden of showing his interests in deferral outweigh the community's interests in imposition of the punishment on its effective date.

In the Decision on Action memorandum, the convening authority further states: "Prior to coming to this decision, I consulted with my Staff Judge Advocate. Before taking action, I considered matters timely submitted by the accused under [R.C.M.] 1106 and the victim under [R.C.M.] 1106[A]." The military judge entered judgment on 10 June 2021.[3] Not until 16 July 2021 did Appellant's counsel acknowledge receipt of KG's submission of matters; there is no record of receipt by Appellant.

---

[2] The record does not contain documentation that Appellant was served a copy of the Decision on Action memorandum. The record does include an acknowledgment of receipt of the Decision on Action memorandum by a defense paralegal dated 28 June 2021, 18 days after entry of judgment.

[3] The record does not contain documentation that Appellant was served a copy of the entry of judgment. The record does include an acknowledgment of receipt of the entry of judgment by a defense paralegal dated 28 June 2021.

Appellant's case was docketed with this court on 6 October 2021. On 27 October 2022, Appellant executed a post-trial declaration in which he states, "I have no recollection of being served with the named victim's post-trial matters."[4] Appellant explains that if he had received the victim's post-trial matters, he would have responded to them. Appellant states:

> The victim urged the convening authority not to grant me any kind of relief from my sentence, and I believe this negatively affected my chances of getting deferment. I would have wanted the convening authority to know that upon finishing my confinement term for a sexual offense, I was going to have to travel from the UK [United Kingdom] back to my home in Puerto Rico, where the minimum wage at the time was $7.25 [per hour]. Additionally, though the victim believes she will be affected for the rest of her life, the effects of this conviction—including the mandatory dishonorable discharge and sex offender registration—will also stay with me for the rest of mine. Any financial help, even slight monetary assistance, would have made a significant meaningful difference for me. I would have wanted the convening authority to know all of these facts before he acted on my deferment request. After returning to Puerto Rico, I was unemployed for many months before finally finding a job. Despite this good news, I am still struggling to make ends meet.

On 16 June 2021, the court reporter certified the "record of trial as accurate and complete in accordance with [R.C.M.] 1112(b) and (c)(1)." The contents of the record of trial include a disc labeled "GCM US v. Valentin.Andino RAF Lakenheath UK, 14 January 2021 . . . Open Sessions Only, Disc 1 of __." While the disc purports to consist of all open sessions of Appellant's court-martial, the disc contains only a single audio file: a recording of Appellant's arraignment. The record of trial does not include an audio recording of any other open proceedings of Appellant's court-martial.

---

[4] We have assessed whether we may consider this declaration from outside the "entire record" of trial in light of our superior court's decision in *United States v. Jessie*, 79 M.J. 437 (C.A.A.F. 2020). We conclude that we may, in line with precedents permitting consideration of affidavits "necessary for resolving issues raised by materials in the record." *Id.* at 444.

## II. DISCUSSION

### A. Incomplete Record of Trial

The contents of a record of trial shall include a "substantially verbatim recording of the court-martial proceedings except sessions closed for deliberations and voting." R.C.M. 1112(b)(1). "Court-martial proceedings may be recorded by videotape, audiotape, or other technology from which sound images may be reproduced to accurately depict the court-martial." R.C.M. 1112(a).

> If a record is incomplete or defective a court reporter or any party may raise the matter to the military judge for appropriate corrective action. A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate. A superior competent authority may return a record of trial to the military judge for correction under this rule.

R.C.M. 1112(d)(2).

Appellant argues the record is incomplete and requests that his sentence be reduced, or "alternatively, that we remand the record of trial to the Chief Trial Judge, Air Force Trial Judiciary for correction under R.C.M. 1112(d)." The Government concedes the record of trial is incomplete and consequently that it should be returned to the military judge for correction. We agree with the parties that the record of trial is incomplete because it does not include a substantially verbatim recording of the court-martial proceedings. Consequently, in our decretal paragraph, we return the record to the Chief Trial Judge, Air Force Trial Judiciary, for correction under R.C.M. 1112(d), to address the missing substantially verbatim recordings of the court-martial proceedings.

### B. Failure to Serve Victim Matters

#### 1. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). Because they are matters of law, we review interpretations of statutes and Rules for Courts-Martial de novo. *See United States v. Hunter*, 65 M.J. 399, 401 (C.A.A.F. 2008) (citation omitted); *United States v. Martinelli*, 62 M.J. 52, 56 (C.A.A.F. 2005) (citation omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal." R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence [in clemency], the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A). In making a clemency decision, a convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2)(B), Discussion. The convening authority may also consider "additional matters," to include evidence introduced at the court-martial, appellate exhibits, the recording or transcription of the proceedings,[5] the personnel records of the accused, and any other such matters the convening authority deems appropriate. R.C.M. 1109(d)(3)(B).

"Post-trial conduct must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.) (quoting *United States* v. *Leal,* 44 M.J. 235, 237 (C.A.A.F. 1996)). "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Courts-Martial and preserves the actual and perceived fairness of the military justice system." *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007).

Article 57(b)(1), UCMJ, 10 U.S.C. § 857(b)(1), authorizes a convening authority, upon application by an accused, to defer a forfeiture of pay or allowances and a reduction in grade until entry of judgment. R.C.M. 1103(d)(2) provides that an accused seeking to have a punishment deferred "shall have the burden of showing that the interests of the accused and the community in deferral outweigh the community's interests in imposition of the punishment on its effective date." The rule outlines several factors which the convening authority may consider in determining whether to grant the request, which are:

> the probability of the accused's flight; the probability of the accused's commission of other offenses, intimidation of witnesses, or interference with the administration of justice; the nature of the offenses (including the effect on the victim) of which the accused was convicted; the sentence adjudged; the command's immediate need for the accused; the effect of deferment on good order and discipline in the command; the accused's character, mental condition, family situation, and service record.

---

[5] Subject to the provisions of R.C.M. 1113 and 1109(d)(3)(C).

R.C.M. 1103(d)(2).

"When a convening authority acts on an accused's request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the accused) and must include the reasons upon which the action is based." *United States v. Sloan*, 35 M.J. 4, 7 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); *see also* R.C.M. 1103(d)(2) ("The action of the decision of the authority acting on the deferment request shall be in writing."). A convening authority's exercise of discretion in clemency is distinct from a decision on a deferment request. *United States v. Edwards*, 77 M.J. 668, 670 (A.F. Ct. Crim. App. 2018). R.C.M. 1103 is silent on whether a convening authority must consider matters submitted by a crime victim under R.C.M. 1106A when acting on a deferment request. *See* R.C.M. 1103. We review a convening authority's denial of a deferment request for an abuse of discretion. R.C.M. 1103(d)(2).

We provide relief for an abuse of discretion that materially prejudiced an appellant's substantial rights. *See United States v. Chisum*, 77 M.J. 176, 179 (C.A.A.F. 2018) (citing Article 59(a), UCMJ, 10 U.S.C. § 859(a)). However, before determining prejudice, we first look at the requirements of notice to an appellant and the opportunity to respond. In *United States v. Spears*, we stated that after the recommendation of the staff judge advocate (SJAR) is served on an appellant, "[a]ny legal review of a case for the convening authority, including those of forfeiture waiver requests . . . should be treated as an addendum to the original SJAR and served on appellant for comment." 48 M.J. 768, 776 (A.F. Ct. Crim. App. 1998), *overruled on other grounds by United States v. Owen*, 50 M.J. 629 (A.F. Ct. Crim. App. 1998) (en banc). We noted that failure to serve the legal review on the accused, and failure to provide the accused an opportunity to comment, violated "the concepts of basic fairness and procedural due process." *Id.* at 775; *see also United States v. Brown*, 54 M.J. 289, 292 (C.A.A.F. 2000) (finding an appellant did "not meet the applicable standards for finding prejudicial error" and as a result not deciding "whether the requirements of notice and an opportunity to comment apply to requests for deferment of adjudged forfeitures or waiver of automatic forfeitures").

An appellant claiming to have been denied a right to comment on post-trial matters "has the burden of making a colorable showing of possible prejudice" to be entitled to relief. *Brown*, 54 M.J. at 292 (citation omitted). Specifically concerning rebuttal matters, the United States Court of Appeals for the Armed Forces (CAAF) requires an appellant "to demonstrate prejudice by stating what, if anything, would have been submitted to deny, counter, or explain the new matter." *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997) (internal quotation marks and citation omitted). The CAAF further explained that "if an appellant makes some colorable showing of possible prejudice, we

will give that appellant the benefit of the doubt and 'we will not speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* at 323–24 (quoting *United States v. Jones*, 44 M.J. 242, 244 (C.A.A.F. 1996)).

### 2. Analysis

Appellant contends that the convening authority erred by not ensuring that he was provided victim matters submitted by KG. Appellant similarly contends that the convening authority erred by signing the Decision on Action memorandum, which included the convening authority's decision on Appellant's deferment request, without providing him the opportunity to rebut the victim's matters. Appellant requests we not approve Appellant's reduction to the grade of E-1,[6] or alternatively remand the case for new post-trial processing. The Government concedes, and the record supports, that Appellant was not provided KG's R.C.M. 1106A matters prior to the convening authority's decision on action. The Government argues Appellant is not entitled to relief because he did not suffer prejudice, however if the court finds prejudice, we should return the record for new post-trial processing.

The convening authority made two distinct decisions at issue in his Decision on Action memorandum: (1) whether to grant Appellant sentencing relief in the form of clemency; and (2) whether to grant Appellant's request for deferment of automatic forfeitures. As to the first decision, and without any clemency matters submitted by Appellant, the convening authority decided to take no action on both the findings and sentence. As to the second decision, the convening authority decided to deny Appellant's request for deferment after considering new victim matters but before Appellant had the opportunity to review or comment on them. We conclude our court's finding in *Spears*, that "the concepts of basic fairness and procedural due process" require service and opportunity to comment in the context of a waiver request, also apply here. 48 M.J. at 775. If a convening authority considers matters submitted by a crime victim before acting on a deferment request, then the convening authority first must provide to an appellant notice of those matters and an opportunity to respond. As Appellant did not have that opportunity here, we find the convening authority abused his discretion in denying Appellant's deferment request.

We now turn our attention to prejudice. The Government's answer to this assignment of error cites *Chatman* for the proposition that "some colorable

---

[6] Appellant raises reduction in grade only as a remedy to the Government's failure to submit victim's matters to him. He did not request reduction in grade as part of any clemency request to the convening authority; he never submitted a clemency request.

showing of possible prejudice" is the standard for post-trial rebuttal matters. 46 M.J. at 323–24. In this case, we agree.

The Decision on Action memorandum annotates the convening authority "considered matters timely submitted by the accused under [R.C.M] 1106 and the victim under [R.C.M.] 1106[A]." This statement does not distinguish between considering KG's R.C.M. 1106A matters for clemency, on the one hand, or the deferment decision, on the other. We have separately considered whether Appellant has met his burden as to prejudice regarding the convening authority's decisions on (1) clemency and (2) deferment. We reach different conclusions as to each decision.

### a. Clemency Decision

Appellant has not shown a colorable showing of possible prejudice regarding the convening authority's clemency decision. Pursuant to Article 60a, UCMJ, 10 U.S.C. § 860a, the convening authority was authorized to take action on Appellant's sentence by reducing his term of confinement and reduction in grade. However, Appellant did not request clemency during the post-trial processing of his case; he only requested deferment. Moreover, Appellant's declaration on appeal does not include rebuttal matters he would have submitted to the convening authority regarding clemency in response to KG's submission of matters for consideration on the decision on action under Article 60a, UCMJ. *See Chatman,* 46 M.J. at 323. His singular focus was the convening authority's deferment decision, and not his sentence to confinement or reduction in grade. Under these circumstances, Appellant fails establish a colorable showing of possible prejudice. We now turn to examine the deferment decision.

### b. Deferment Decision

We find that Appellant has met his burden showing prejudice regarding the convening authority's deferment decision.[7] It was within the convening authority's power to grant Appellant's request to defer automatic forfeitures. Appellant describes in his post-trial declaration the rebuttal matters he would have submitted to the convening authority in response to KG's submission of

---

[7] Although not raised by the parties, we acknowledge the possibility of concluding Appellant failed to establish a colorable showing of possible prejudice because of the *de minimis* nature of the deferment at issue. However, we find that under the facts of this case, it is speculative as to what the length of deferment might have been had the Government properly served matters on Appellant. The Appellant was not served with the convening authority's Decision on Action memorandum prior to the entry of judgment. Consequently, Appellant was denied an opportunity to file a post-trial motion prior to entry of judgment. Had Appellant filed a post-trial motion, the issuance of an entry of judgment would have been later and thereby increased the period of deferment.

matters. Specifically, Appellant states that "the victim urged the convening authority not to grant [him] any kind of relief from [his] sentence, and [he] believed this negatively affected [his] chances of getting deferment." To counter KG's submission of matters, Appellant states he would have explained to the convening authority how difficult his circumstances were as a result of being a convicted sex offender, the dire economic circumstances then existing in his home of Puerto Rico, and how deferment of forfeitures would have provided him relief. We "will not speculate on what the convening authority might have done" had Appellant been given the opportunity to comment on KG's submission of matters. *See Chatman*, 46 M.J. at 323 *(*quoting *Jones*, 44 M.J. at 244).

We reject the Government's argument that KG's post-trial matters were substantially the same as her victim impact statement, and, consequently, Appellant did not suffer prejudice resulting from the failure to serve him with the statement. In support of the argument that KG's post-trial matters were substantially the same as her victim impact statement admitted a trial, the Government directs our attention to the first four paragraphs of KG's six-paragraph statement which are identical to the matters she submitted at trial. However, KG's matters submitted under R.C.M. 1106A contain new information which was not included in her sentencing victim impact statement.

We find the convening authority abused his discretion, and we find Appellant's alternate relief—new post-trial processing—is warranted with regards to his deferment request only. Therefore, we conclude that the relief warranted in this case is to provide Appellant that to which he is entitled: the right to be served with KG's submission of matters, and the opportunity to submit rebuttal matters for the convening authority's consideration, before the convening authority decides whether to grant Appellant's deferment request.

## III. Conclusion

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to (1) resolve a substantial issue with the post-trial processing; and (2) correct the record of trial, which is deficient in that a substantially verbatim audio recording of the court-martial proceedings is omitted.

Our remand returns jurisdiction over the case to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2). A detailed military judge shall return the record of trial to the convening authority for new post-trial processing consistent with this opinion, specifically serving Appellant with victim matters submitted under R.C.M. 1106A and affording Appellant the opportunity to respond to such matters pursuant to R.C.M. 1106(d)(3) before the convening authority makes a decision on Appellant's deferment request. Further, a detailed military judge may:

(1) Conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839, sessions;

(2) Modify the entry of judgment; and

(3) Correct the record under R.C.M. 1112(d) to account for the missing substantially verbatim audio recordings of the court-martial proceedings, and any other portion of the record that is determined to be missing or defective hereafter, after consultation with the parties. *See* Article 66(g), UCMJ, 10 U.S.C. § 866(g); R.C.M. 1112(d)(2)–(3).

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court