# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40321**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Monica R. ARROYO**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 25 August 2023

————————————

*Military Judge*: Christopher D. James (arraignment and pretrial motions); Thomas A. Smith.

*Sentence*: Sentence adjudged 9 March 2022 by GCM convened at Tinker Air Force Base, Oklahoma. Sentence entered by military judge on 26 April 2022: Bad-conduct discharge, confinement for 37 days, and reduction to E-2.

*For Appellant*: Major Heather M. Caine, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Major Jay S. Peer, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, ANNEXSTAD, and RAMÍREZ, *Appellate Military Judges*.

Judge RAMÍREZ delivered the opinion of the court, in which Senior Judge RICHARDSON and Senior Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

RAMÍREZ, Judge:

A general court-martial composed of a military judge alone convicted Appellant, consistent with her plea, of one specification of assault consummated by a battery against LP in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] Pursuant to a plea agreement, two specifications of sexual assault upon LP in violation of Article 120, UCMJ, 10 U.S.C. § 920, were withdrawn and dismissed with prejudice. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 37 days, and reduction to the grade of E-2. The convening authority took no action on the findings or sentence.

Appellant raises three issues on appeal, which we reworded: whether (1) the military judge committed plain error by admitting the victim's unsworn statement; (2) circuit trial counsel committed prosecutorial misconduct in his sentencing argument; and (3) Appellant is entitled to relief because she was not timely served a copy of the victim's submission of matters nor was she provided an opportunity to rebut those matters prior to the convening authority's decision on action.

As to Appellant's third issue, the Government concedes error and we agree. We find the convening authority erred by not providing Appellant the opportunity to rebut matters submitted by the victim and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of its Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant pleaded guilty to unlawfully touching LP on the leg with Appellant's hand. She was convicted and sentenced on 9 March 2022. On the same day, the trial counsel prepared a memorandum entitled "Submission of Matters to the Convening Authority," which gave Appellant a deadline by which to submit matters for the convening authority's consideration. The memorandum also informed Appellant that the victim would have an opportunity to submit written matters for the convening authority's consideration, and that if submitted, Appellant would be forwarded a copy of the victim's submission so that Appellant could rebut it, if she chose to do so.

On 19 March 2022, Appellant's trial defense counsel submitted a clemency request asking for reduction of confinement and suspension of grade reduction.

---

[1] All references in this opinion to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

The request included a letter from Appellant as well as letters of support and other attachments.

Although the date is unclear, the victim submitted a letter to the convening authority responding to Appellant's request. The victim explained that Appellant "does not deserve any additional leniency for her crimes," discussed how much confinement would be at issue if not for the plea agreement, and referred to Appellant as a "predator." Appellant did not personally receive a copy of the victim's submission.[2] As such, Appellant was not afforded the opportunity to respond. On 12 April 2022, the convening authority issued his decision on action; he did not grant Appellant's requested relief.

On appeal, Appellant contends that she would have responded to the victim's submission of matters prior to the convening authority's decision on action, had she been given the opportunity to do so per Rule for Courts-Martial (R.C.M.) 1106(d)(3). She provides specific issues that she would have raised—including claims that the victim improperly referenced dismissed sexual-assault specifications, improperly commented on the plea agreement, and improperly described Appellant as a "predator." According to Appellant, she would have asked that the comments "be stricken and not considered by the convening authority."

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). We review de novo interpretations of statutes and Rules for Courts-Martial because they are matters of law. *See United States v. Valentin-Andino*, 83 M.J. 537, 541 (A.F. Ct. Crim. App. 2023) (citations omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

---

[2] We note that trial defense counsel did receive a copy of the victim's letter, but the receipt is dated 22 July 2022 at the top of the memorandum for record (MFR) and in the digital signatures. However, the body of the MFR states that the victim matters were provided on 14 March 2022.

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal." R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A).[3] A convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2)(B), Discussion (citation omitted).

"Post-trial conduct must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *Valentin-Andino*, 83 M.J. at 541 (quoting *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.)) "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Courts-Martial and preserves the actual and perceived fairness of the military justice system." *Id.* (internal quotation marks omitted) (quoting *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007)). Additionally, "'the concepts of basic fairness and procedural due process' require service and opportunity to comment" on victim matters submitted to the convening authority. *Id.* at 543 (quoting *United States v. Spears*, 48 M.J. 768, 775 (A.F. Ct. Crim. App. 1998), *overruled on other grounds by United States v. Owen*, 50 M.J. 629, 630 (A.F. Ct. Crim. App. 1998) (en banc)).

Where an appellant has not been provided an opportunity for rebuttal of matters provided to the convening authority, for relief on appeal we require an appellant to demonstrate prejudice. *See id.* "[W]e will not 'speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* (quoting *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997)). To demonstrate prejudice, the Appellant must "show what [s]he would do to resolve the error if given such an opportunity." *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). "If the appellant makes such a showing, the Court of Criminal Appeals must either provide meaningful relief or return the case to the Judge Advocate General concerned for a remand to a convening authority for a new post-trial . . . action." *Id.* at 289.[4]

---

[3] R.C.M. 1109(d) has an apparent scrivener's codification error because it includes two paragraphs designated as paragraph (3). The first paragraph (3) addresses the convening authority's *Consideration of matters*, while the second paragraph (3) addresses the *Timing* of the convening authority's action. All references in this opinion are to the first paragraph (d)(3) in R.C.M. 1109.

[4] Although the United States Court of Appeals for the Armed Forces (CAAF) was interpreting a different version of Article 60, UCMJ, 10 U.S.C. § 860, in *United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005), and *Wheelus,* the CAAF has not indicated its

**B. Analysis**

The record is clear that Appellant was not provided an opportunity to respond to the matters submitted by the victim before the convening authority's decision on action. The Government concedes this was error. We find that not affording Appellant an opportunity to respond to the victim's submission under R.C.M. 1106A was not simply error, but a violation of Appellant's most basic due process rights under the Rules for Courts-Martial. *See Bartlett*, 64 M.J. at 649; *United States v. Kim*, No. ACM 40057, 2022 CCA LEXIS 276, at *7 (A.F. Ct. Crim. App. 9 May 2022) (unpub. op.), *rev. denied*, __ M.J. __, No. 23-0058, 2023 CAAF LEXIS 156 (C.A.A.F. 20 Mar. 2023); *United States v. Halter*, No. ACM S32666, 2022 CCA LEXIS 9, at *8 (A.F. Ct. Crim. App. 6 Jan. 2022) (unpub. op.), *rev. denied*, 83 M.J. 30 (C.A.A.F. 2022).

By articulating what Appellant would have submitted in response to the victim's submission, Appellant has demonstrated "what, if anything, would have been submitted to deny, counter, or explain the new matter." *Chatman*, 46 M.J. at 323. We will not speculate as to the likely efficacy of such an approach, nor what the convening authority may have done differently, if anything. *See id.* Here, "some colorable showing of possible prejudice" is demonstrated because Appellant has articulated how she would have responded to the victim's submission had she been given the required opportunity, and the convening authority had the power to grant some clemency relief.

We conclude the relief warranted in this case is to provide Appellant with what she is entitled to: the right to be served with the victim's submission of matters, and the opportunity to submit rebuttal matters for the convening authority's consideration before deciding whether to grant Appellant sentence relief.

### III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, as the convening authority signed the Decision on Action memorandum prior to Appellant being afforded five days to submit a rebuttal to the victim's submission of matters. Our remand returns jurisdiction to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2).

---

jurisprudence regarding the appropriate standard for assessing post-trial processing error has changed. *See, e.g., United States v. Miller*, 82 M.J. 204, 208 (C.A.A.F. 2022) (applying "some colorable showing of possible prejudice" standard to an asserted post-trial processing error (quoting *Scalo*, 60 M.J. at 436–37)).

A detailed military judge shall:

> (1) return the record of trial to the convening authority for new post-trial processing consistent with this opinion, specifically affording Appellant the opportunity to respond to victim matters already submitted under R.C.M. 1106A,[5] and any additional matters submitted under R.C.M. 1106,[6] before the convening authority takes action; and

> (2) correct or modify the entry of judgment.

The detailed military judge may also conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).



FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[5] "The crime victim is entitled to one opportunity to submit matters to the convening authority under this rule." R.C.M. 1106A(c)(2)(B).

[6] In *United States v. Rosenthal*, our superior court held,

> When a case is remanded for a new convening authority's [(CA's)] action, the [CA] is not limited to considering the circumstances as they existed at the time of the initial review. The [CA] may consider other appropriate matters—including changes in circumstances following the initial action on the case—for purposes of determining whether clemency or other post-trial action is warranted.

62 M.J. 261, 262–63 (C.A.A.F. 2005) (citations omitted).