# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

———————————

No. ACM 40306

———————————

**UNITED STATES**
*Appellee*

**v.**

**Branden C. HAYNES**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 August 2023

———————————

*Military Judge*: Wesley A. Braun (pre-referral judicial proceeding);[1] Matthew P. Stoffel (pretrial motions); Christina M. Jimenez (arraignment); Colin P. Eichenberger (trial and post-trial corrective actions).

*Sentence*: Sentence adjudged 31 March 2022 by GCM convened at Nellis Air Force Base, Nevada. Sentence entered by military judge on 8 June 2022: Bad-conduct discharge, confinement for 4 months, forfeiture of all pay and allowances, and reduction to E-1.

*For Appellant*: Major Alexandra K. Fleszar, USAF; Major Nicole J. Herbers, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, ANNEXSTAD, and DOUGLAS, *Appellate Military Judges*.

Judge DOUGLAS delivered the opinion of the court, in which Senior Judge RICHARDSON and Senior Judge ANNEXSTAD joined.

———————————

---

[1] Pursuant to Article 30a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 830a.

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

DOUGLAS, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one charge with two specifications of willful dereliction of duty by failing to refrain from committing sexual harassment, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[2] The adjudged sentence was a bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant requested clemency, but the convening authority took no action on the sentence.

Appellant raises two issues on appeal, which we have reworded: (1) whether his sentence is inappropriately severe; and (2) whether he is entitled to relief because he was not served timely a copy of the victims' submission of matters pursuant to Rules for Courts-Martial (R.C.M.) 1106A, and consequently, was not provided an opportunity to rebut those matters prior to the convening authority's decision on action. We find the convening authority erred by not affording Appellant the opportunity to rebut both victims' matters before making his decision on action. We determine that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate. We defer addressing Appellant's assignment of error regarding sentence severity until the record is returned to this court for completion of our Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant pleaded guilty pursuant to a plea agreement and was convicted and sentenced on 31 March 2022. Appellant was found guilty of offenses against two separate victims—KA and SM. Appellant was ordered to serve the adjudged confinement at Nellis Air Force Base, Nevada, where he had been stationed and tried.

Appellant's clemency submission as well as each victim's R.C.M. 1106A matters were due contemporaneously on 10 April 2022. KA's submission of matters was dated 4 April 2022; Appellant's defense counsel receipted for it on 8 April 2022. SM's submission of matters was dated 8 April 2022. Although the

———————————

[2] Unless otherwise noted, all references in this opinion to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

defense counsel receipt for SM's matters included a statement that these matters were "delivered to [him] this 18th day of April 2022," trial defense counsel did not sign the receipt for SM's matters until 3 June 2022. The record does not support that Appellant personally received the victims' matters.[3]

On 9 April 2022, Appellant's defense counsel submitted matters in clemency requesting the convening authority reduce the adjudged confinement from four months to two months. Defense counsel attached three memoranda to the written request: the unsworn statement provided by Appellant during his pre-sentencing hearing, and two post-sentencing character letters requesting leniency on behalf of Appellant.

On 28 April 2022, the convening authority took no action on the findings or the sentence. In the Decision on Action memorandum, the convening authority stated that he "considered matters timely submitted by the accused under R.C.M. 1106 and the victims under R.C.M. 1106A." However, the record provides no specific explanation of precisely what the convening authority reviewed prior to decision on action. The military judge entered judgment on 8 June 2022. Appellant did not file a post-trial motion pursuant to R.C.M. 1104(b)(2) alleging that the convening authority erred.

According to Appellant,[4] he saw the victims' post-trial submissions for the first time after receiving the record of trial on 16 June 2022. He allows that his trial defense counsel may have discussed with him the matters KA submitted, but not the matters SM submitted. Appellant contends that he would have submitted matters in rebuttal to both victims' submission of matters prior to the convening authority's decision on action, had he seen their statements. More specifically, he declares he would have countered their post-trial submissions with evidence of his high potential for rehabilitation and would have asked the convening authority to consider the record of trial, including all that he had submitted in his sentencing hearing, which were not included in his request for clemency.

---

[3] We note that the memorandum notifying Appellant of his right to submit matters to the convening authority, signed by trial counsel and acknowledged by Appellant, states in paragraph 7, "Any matters submitted by a victim will be forwarded to you so that you may rebut them, if you so choose."

[4] On 6 July 2023, we granted Appellant's unopposed motion to attach his post-trial declaration, dated 28 June 2023, relating to whether he was given an opportunity to respond to R.C.M. 1106A matters prior to the convening authority's decision on action in his case.

## II. DISCUSSION

**A. Law**

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). We review de novo interpretations of statutes and Rules for Courts-Martial. *See United States v. Valentin-Andino*, 83 M.J. 537, 541 (A.F. Ct. Crim. App. 2023) (citations omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal" to the convening authority. R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A).[5]

A convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2)(B), Discussion (citation omitted). Additionally, "[t]he convening authority may not consider matters adverse to the accused that were not admitted at the court-martial, with knowledge of which the accused is not chargeable, unless the accused is first notified and given an opportunity to rebut." R.C.M. 1109(d)(3)(C)(i).

"Post-trial conduct must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *Valentin-Andino*, 83 M.J. at 541 (quoting *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.)). "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Courts-Martial and preserves the actual and perceived fairness of the military justice system."

---

[5] R.C.M. 1109(d) has an apparent scrivener's codification error because it includes two paragraphs designated as paragraph "(3)." The first paragraph (3) addresses the convening authority's *Consideration of matters*, while the second paragraph (3) addresses the *Timing* of the convening authority's action. All references in this opinion are to the first paragraph (d)(3) in R.C.M. 1109.

*Id.* (quoting *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007)). Additionally, "'the concepts of basic fairness and procedural due process require service and opportunity to comment'" on victim matters submitted to the convening authority. *Id.* at 543 (quoting *United States v. Spears*, 48 M.J. 768, 775 (A.F. Ct. Crim. App. 1998), *overruled on other grounds by United States v. Owen*, 50 M.J. 629 (A.F. Ct. Crim. App. 1998) (en banc)).

"R.C.M. 1104(b)(2)(B) provides that either party may file a post-trial motion within five days of receiving the convening authority's action to address an asserted error in the . . . action." *United States v. Miller*, 82 M.J. 204, 207 (C.A.A.F. 2022).

Where an appellant had not been provided an opportunity for rebuttal of matters provided to the convening authority, for relief on appeal we require an appellant to demonstrate prejudice. *See Valentin-Andino*, 83 M.J. at 543. "[W]e will not 'speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* (quoting *United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997)). Further, the Appellant must show what he would do to resolve the error if given such an opportunity. *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). "If the appellant makes such a showing, the Court of Criminal Appeals must either provide meaningful relief or return the case to the Judge Advocate General concerned for a remand to a convening authority for a new post-trial . . . action." *Id.* at 289.[6] A convening authority has authority to reduce a term of confinement that is six months or less, pursuant to Article 60a(b)(2), UCMJ, 10 U.S.C. § 860a(b)(2).

## B. Analysis

The record is clear that Appellant was not provided an opportunity to rebut the matters submitted by at least one, if not both, victims in his case prior to the convening authority's decision on action. When a convening authority simply serves a victim's R.C.M 1106A matters upon defense counsel, and not personally to the appellant, and without some indicia of his right to rebut those matters, the convening authority assumes risks. The risks created include not only the perception of intentional avoidance of the Government's responsibility to serve R.C.M. 1106A matters on an appellant, who determines whether rebuttal is warranted, but also creates a self-imposed challenge to advising the convening authority whether a decision on action is ripe. In this case, the convening authority failed to ensure Appellant was informed of at least one of two,

---

[6] Although the United States Court of Appeals for the Armed Forces (CAAF) was interpreting a different version of Article 60, UCMJ, 10 U.S.C. § 860, in *United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005), and *Wheelus*, the CAAF has not indicated its jurisprudence regarding the appropriate standard for assessing post-trial processing error has changed.

if not both, R.C.M. 1106A matters received for his consideration before making his decision on action. Not affording an appellant an opportunity to respond to victims' submissions under R.C.M. 1106A is a violation of an appellant's most basic due process rights under the Rules for Courts-Martial.

We decline the Government's request to apply forfeiture and a plain error standard of review when Appellant did not file a post-trial motion under R.C.M. 1104(b) for two related reasons: (1) the error was not evident in the convening authority's decision on action;[7] and (2) the time to file a post-trial motion had long since expired by the time Appellant became aware that the convening authority was specifically provided two R.C.M. 1106A matters. Here, the failure to serve the victims' matters on Appellant is a post-trial processing issue which we review de novo.

Appellant has articulated how he would have responded to the victims' submissions had he been given the required opportunity; Appellant's rebuttal would have been different from his initial clemency submission; and the convening authority could have granted some clemency relief. We conclude the relief warranted in this case is to provide Appellant with what he is entitled to: the opportunity to submit rebuttal to his victims' matters for the convening authority's consideration before the convening authority makes a decision on action.

### III. CONCLUSION

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, as the convening authority signed the Decision on Action memorandum prior to Appellant receiving and being afforded five days to submit a rebuttal to both SM's and KA's submission of matters. Our remand returns jurisdiction to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2).

A detailed military judge shall:

> (1) return the record of trial to the convening authority for new post-trial processing consistent with this opinion, specifically affording Appellant the full opportunity to respond to victim

---

[7] The convening authority's decision on action in this case followed a common template, which avoided stating whether any matters were timely submitted and therefore considered. As such, Appellant could not recognize error and therefore was not obliged to request correction under R.C.M. 1104(b).

matters already submitted under R.C.M. 1106A,[8] and any additional matters submitted under R.C.M. 1106,[9] before the convening authority takes action; and

(2) correct or modify the entry of judgment.

The detailed military judge may also conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions.

Thereafter, the record of trial will be returned to the court for completion of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[8] "The crime victim is entitled to one opportunity to submit matters to the convening authority under this rule." R.C.M. 1106A(c)(2)(B).

[9] In *United States v. Rosenthal*, our superior court held,

> When a case is remanded for a new convening authority's [(CA's)] action, the [CA] is not limited to considering the circumstances as they existed at the time of the initial review. The [CA] may consider other appropriate matters—including changes in circumstances following the initial action on the case—for purposes of determining whether clemency or other post-trial action is warranted.

62 M.J. 261, 262–63 (C.A.A.F. 2005) (citations omitted).