# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40324**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Dekota M. DOUGLAS**
Cadet, U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 December 2023

————————————

*Military Judge*: Shad R. Kidd.

*Sentence*: Sentence adjudged 29 April 2022 by GCM convened at the United States Air Force Academy, Colorado. Sentence entered by military judge on 18 May 2022: Dismissal, confinement for 31 days, forfeiture of $1,185 pay per month for one month, and a reprimand.

*For Appellant*: Major Heather M. Caine, USAF.

*For Appellee*: Captain Olivia B. Hoff, USAF; Captain Tyler L. Washburn, USAF; Mary Ellen Payne, Esquire.

JOHNSON, CADOTTE, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Senior Judge CADOTTE joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MASON, Judge:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of two specifications of negligent dereliction of duty, in

violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.[1,2] The members sentenced Appellant to a dismissal, confinement for 31 days, forfeiture of $1,185 pay per month for one month, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant raises three issues on appeal, which we reword: (1) whether the sentence is inappropriately severe; (2) whether Appellant is entitled to relief because he was not provided an opportunity to rebut victim matters prior to the convening authority's decision on action; and (3) whether Appellant was entitled to a unanimous verdict.

As to Appellant's second issue, the Government concedes error and suggests that we remand the case. We agree. We find the convening authority erred by not providing Appellant the full five days from receipt of matters provided by RH to submit any matters in rebuttal and that remand to the Chief Trial Judge, Air Force Trial Judiciary, is appropriate.

Though not raised by the parties, review of the record of trial revealed a problem with Prosecution Exhibit 3. Specifically, the single CD exhibit contains multiple file folders purporting to be 28 video clips as discussed at trial. However, attempts to view these video clips were unsuccessful as the file folders each contained a variety of other data files and did not contain playable video clips. Remanding the record for correction of Prosecution Exhibit 3 is also appropriate.

We defer addressing Appellant's other assignments of error until the record is returned to this court for completion of its Article 66(d), UCMJ, 10 U.S.C. § 866(d), review.

## I. BACKGROUND

Appellant was sentenced on 29 April 2022. On the same day, the trial counsel prepared a memorandum entitled "Submission of Matters to the Convening Authority," which gave Appellant a deadline by which to submit matters for the convening authority's consideration. The memorandum also informed Appellant that the victim would have an opportunity to submit written matters for the convening authority's consideration, and that if submitted, Appellant would be forwarded a copy of the victim's submission so that Appellant could rebut it, if he chose to do so.

---

[1] All references in this opinion to the UCMJ and the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant was acquitted of two specifications of sexual assault in violation of Article 120, UCMJ, 10 U.S.C. § 920.

On 2 May 2022, RH, the individual to whom Appellant was convicted of wrongfully providing alcohol and with whom Appellant was convicted of having an unprofessional relationship, provided matters to the convening authority for consideration. Amongst other expressions, RH stated that it was "extremely relieving to know that [Appellant] will be dismissed from the Air Force and will never be allowed to serve as either an officer or enlisted member." She urged the convening authority not to reduce Appellant's confinement opining, "It is again very telling that the members sentenced him to more confinement than what was recommended by the government counsel. I view this as a strong rebuke of [Appellant]'s actions and serves as a more immediate punishment and deterrent that should be allowed to stand as-is."

On 5 May 2022, trial defense counsel submitted a clemency request asking for reduction of confinement. The request included a letter from Appellant as well as letters of support.

On 9 May 2022, a paralegal from the servicing legal office emailed the matters submitted by RH to Appellant's counsel.

On 13 May 2022, the convening authority issued his decision on action in Appellant's case. He stated that he considered matters timely submitted by Appellant and the victim. He took no action on the findings or the sentence.

On appeal, Appellant contends that, had he received RH's matters and been provided the full five days prior to the convening authority's decision on action, per Rule for Courts-Martial (R.C.M.) 1106(d)(3), he would have responded to the victim's submission of matters. He states that he would have: (1) argued that RH was not a victim and thus, consideration of her matters was improper; (2) asserted that RH repeatedly engaged in actions amounting to an unprofessional relationship and when questioned about it, that she was evasive and misleading; (3) asserted that RH had consumed alcohol on multiple occasions prior to 16 October 2020 which speaks to her ability to be coerced by him or impaired by alcohol; and (4) argued that RH's in-court testimony contradicts her description that Appellant tricked or coerced her.

## II. DISCUSSION

### A. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63 (C.A.A.F. 2000)). We review de novo interpretations of statutes and Rules for Courts-Martial because they are matters of law. *See United States v. Valentin-Andino*, 83 M.J. 537, 541 (A.F. Ct. Crim. App. 2023) (citations omitted).

"In a case with a crime victim, after a sentence is announced in a court-martial any crime victim of an offense may submit matters to the convening authority for consideration in the exercise of the convening authority's powers under R.C.M. 1109 or 1110." R.C.M. 1106A(a). "The convening authority shall ensure any matters submitted by a crime victim under this subsection be provided to the accused as soon as practicable." R.C.M. 1106A(c)(3).

If a crime victim submits matters under R.C.M. 1106A, "the accused shall have five days from receipt of those matters to submit any matters in rebuttal." R.C.M. 1106(d)(3). "Before taking or declining to take any action on the sentence under this rule, the convening authority shall consider matters timely submitted under R.C.M. 1106 and 1106A, if any, by the accused and any crime victim." R.C.M. 1109(d)(3)(A).[3] A convening authority "may not consider matters adverse to the accused without providing the accused an opportunity to respond." R.C.M. 1106A(c)(2)(B), Discussion (citation omitted).

"Post-trial conduct must consist of fair play, specifically giving the appellant 'notice and an opportunity to respond.'" *Valentin-Andino*, 83 M.J. at 541 (internal quotation marks omitted) (quoting *United States v. Hunter*, No. 201700036, 2017 CCA LEXIS 527, at *4 (N.M. Ct. Crim. App. 8 Aug. 2017) (unpub. op.)). "Serving victim clemency correspondence on the accused for comment before convening authority action protects an accused's due process rights under the Rules for Courts-Martial and preserves the actual and perceived fairness of the military justice system." *Id.* (internal quotation marks omitted) (quoting *United States v. Bartlett*, 64 M.J. 641, 649 (A. Ct. Crim. App. 2007)). Additionally, "'the concepts of basic fairness and procedural due process' require service and opportunity to comment" on victim matters submitted to the convening authority. *Id.* at 543 (quoting *United States v. Spears*, 48 M.J. 768, 775 (A.F. Ct. Crim. App. 1998), *overruled on other grounds by United States v. Owen*, 50 M.J. 629, 630 (A.F. Ct. Crim. App. 1998) (en banc)).

Where an appellant has not been provided an opportunity for rebuttal of matters provided to the convening authority, for relief on appeal we require an appellant to demonstrate prejudice. *See id.* at 542. "'[W]e will not 'speculate on what the convening authority might have done' if defense counsel had been given an opportunity to comment." *Id.* (citing *United States v. Chatman*, 46 M.J. 321, 323–24 (C.A.A.F. 1997) (quoting *United States v. Jones*, 44 M.J. 242,

---

[3] R.C.M. 1109(d) has an apparent scrivener's codification error because it includes two paragraphs designated as paragraph (3). The first paragraph (3) addresses the convening authority's *Consideration of matters*, while the second paragraph (3) addresses the *Timing* of the convening authority's action. All references in this opinion are to the first paragraph (d)(3) in R.C.M. 1109.

244 (C.A.A.F. 1996)). To demonstrate prejudice, an appellant must "show what he would do to resolve the error if given such an opportunity." *United States v. Wheelus*, 49 M.J. 283, 288 (C.A.A.F. 1998). "If the appellant makes such a showing, the Court of Criminal Appeals must either provide meaningful relief or return the case to the Judge Advocate General concerned for a remand to a convening authority for a new post-trial . . . action." *Id.* at 289.[4]

**B. Analysis**

The record is clear that Appellant was not provided an opportunity to rebut the matters submitted by RH before the convening authority's decision on action. The Government concedes this was error. We find that not affording Appellant an opportunity to rebut RH's submission under R.C.M. 1106A was not simply error, but a violation of Appellant's most basic due process rights under the Rules for Courts-Martial. *See Bartlett*, 64 M.J. at 649; *United States v. Kim*, No. ACM 40057, 2022 CCA LEXIS 276, at *7 (A.F. Ct. Crim. App. 9 May 2022) (unpub. op.), *rev. denied*, __ M.J. __, No. 23-0058, 2023 CAAF LEXIS 156 (C.A.A.F. 20 Mar. 2023); *United States v. Halter*, No. ACM S32666, 2022 CCA LEXIS 9, at *8 (A.F. Ct. Crim. App. 6 Jan. 2022) (unpub. op.), *rev. denied*, 83 M.J. 30 (C.A.A.F. 2022).

By articulating what Appellant would have submitted in response to RH's submission, Appellant has demonstrated "what, if anything, would have been submitted to deny, counter, or explain the new matter." *Chatman*, 46 M.J. at 323 (internal quotation marks omitted). We will not speculate as to the likely efficacy of such an approach, nor what the convening authority may have done differently, if anything. *See id.* Here, "some colorable showing of possible prejudice" is demonstrated because Appellant has articulated how he would have rebutted RH's submission had he been given the required opportunity, and the convening authority had the power to grant some clemency relief.

We conclude the relief warranted in this case is to provide Appellant with what he is entitled to: the right to be served with RH's submission of matters, and the opportunity to submit rebuttal matters for the convening authority's consideration before deciding whether to grant Appellant sentence relief.

---

[4] Although the United States Court of Appeals for the Armed Forces (CAAF) was interpreting a different version of Article 60, UCMJ, 10 U.S.C. § 860, in *United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005), and *Wheelus,* the CAAF has not indicated its jurisprudence regarding the appropriate standard for assessing post-trial processing error has changed. *See, e.g., United States v. Miller*, 82 M.J. 204, 208 (C.A.A.F. 2022) (applying "some colorable showing of possible prejudice" standard to an asserted post-trial processing error (quoting *Scalo*, 60 M.J. at 436–37)).

### III. Conclusion

The record is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing, as the convening authority signed the Decision on Action memorandum prior to Appellant being afforded five days to submit a rebuttal to RH's submission of matters. Our remand returns jurisdiction to a detailed military judge and dismisses this appellate proceeding. *See* JT. CT. CRIM. APP. R. 29(b)(2).

A detailed military judge shall:

> (1) return the record of trial to the convening authority for post-trial processing consistent with this opinion, specifically affording Appellant the opportunity to respond to victim matters already submitted under R.C.M. 1106A,[5] and any additional matters Appellant chooses to submit under R.C.M. 1106,[6] before the convening authority takes action;

> (2) correct or modify the entry of judgment; and

> (3) ensure that Prosecution Exhibit 3 is corrected to contain the 28 video clips admitted into evidence in a format accessible by standard Air Force configured computer systems to enable this court's review.

The detailed military judge may also conduct one or more Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3), proceedings using the procedural rules for post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), sessions.

Thereafter, the record of trial will be returned to the court for completion

---

[5] "The crime victim is entitled to one opportunity to submit matters to the convening authority under this rule." R.C.M. 1106A(c)(2)(B).

[6] In *United States v. Rosenthal*, our superior court held,

> When a case is remanded for a new convening authority's [(CA's)] action, the [CA] is not limited to considering the circumstances as they existed at the time of the initial review. The [CA] may consider other appropriate matters—including changes in circumstances following the initial action on the case—for purposes of determining whether clemency or other post-trial action is warranted.

62 M.J. 261, 262–63 (C.A.A.F. 2005) (citations omitted).

of appellate review under Article 66(d), UCMJ, 10 U.S.C. § 866(d).



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court